STATE OF MISSOURI, Defendant in Error, *v.* JOHN WOOLERY *et als.*, Plaintiffs in Error.

1. *Criminal Practice—Appearance—Process.*—The appearance of a party by counsel to a writ of *scire facias* upon a recognizance, will authorize a judgment against him although the process was not served.

2. *Criminal Practice—Recognizance—Record.*—Where the defendant enters into a recognizance before a justice of the County Court, to appear and answer to an indictment, after a change of venue had been granted, until the contrary be shown it will be presumed that all the steps necessary to give the justice jurisdiction had been properly taken—R. C. 1855, p. 849, § 21.

*Error to Andrew Circuit Court.*

*Parker, Strong,* and *Chandler,* for plaintiffs in error.

I. The Circuit Court of Andrew county erred in overruling the demurrer of defendant to the *scire facias* in this case, and in giving judgment on the same, for the reason that the indictment against the defendant Woolery (at the time the bond upon which *scire facias* was issued) was taken by a justice of the County Court of Buchanan county upon an indictment pending in the Circuit Court of Andrew county. The justice of the County Court of Buchanan county had no

34—VOL. XXXIX.

legal authority to let to bail a person indicted, unless the indictment was pending in the county of which he was a justice—State v. Nelson, 38 Mo. 13; State v. Ramsey, 23 Mo. 327; State v. Randolph, 26 Mo. 213.

II. The bond in this case was void, and should have been treated by the Circuit Court of Andrew county as a nullity, for the reason that it was taken and approved by an officer who had no authority to take a recognizance and let to bail in such a case—R. C. 1855, p. 1179, § 33.

III. The indictment in this case was either pending in the Circuit Court of Andrew county at the time the recognizance in this case was taken, or it was not; if it was pending, then the bond was void because taken by an officer who was without authority to admit to bail in such a case; if the indictment was not pending in the Circuit Court of Andrew county, then the recognizance was void, and should have been so held by the court below, for the reason that Charles Schriber had no right or authority to require the defendant John Woolery and his securities to enter into bond conditioned to appear and answer an indictment recited in the bond to be pending in the Circuit Court of Andrew county, when no such indictment was pending there at the time said bond was taken.

IV. If the judgment in this case was good in all other respects, that part of it which goes against the defendant John Woolery would be void, for the reason that there never was any personal service as to him, and a return of but one *nihil* before judgment was rendered against him on the bond. To enable the State to take a judgment on a forfeited recognizance there must be either personal service, or a return by the proper officer of two *nihils,* which is held to be equivalent to personal service—State v. Randolph, 22 Mo. 478; 7 U. S. Dig. Recog. 36–9; Saus v. People, 3 Gilmore, 327; Graham v. State, 7 Blackf. 313; West v. Commonwealth, 3 J. J. Marsh. 641; Kearns v. State, 3 Blackf. 334; 5 Little, 322; 4 J. J. Marsh. 288; 13 Pick. 52.

FAGG, Judge, delivered the opinion of the court.

The main question in this case arises upon the following state of facts as shown by the record. John Woolery, one of the plaintiffs in error, was indicted by the grand jury of Buchanan county for the crime of murder in the first degree. Upon his application to the Circuit Court, a change of venue was awarded to the Circuit Court of Andrew county. Previous to the filing of the transcript in the latter county, and the removal of the prisoner, he was admitted to bail by one of the county justices of Buchanan county, and a bond in the sum of $2,500 was duly executed by him as principal, and John Bennicker, Sylvester Hemming and David S. Collins as his securities, conditioned for his appearance at the next term of the Andrew Circuit Court, the said principal being bound in the sum of $1,250, and his securities together in a like amount. The defendant Woolery failed to appear at the time specified, and a forfeiture of the recognizance was duly taken. At the next term of the court thereafter a *scire facias* was awarded, directed to the sheriff of Buchanan county, which was returned duly served upon all of the parties except Woolery, who could not be found in the county. There was an appearance by counsel, however, for all the parties, and a demurrer to the *scire facias* filed, which was overruled by the court, and judgment entered up for the State. These parties now prosecute their writ of error in this court, and insist that the action of the court was erroneous, 1st, because the prisoner was admitted to bail by an officer not authorized by law to do so, and that his recognizance was therefore null and void; and 2d, because there was no personal service upon Woolery, and it was improper to take judgment against him upon the return of one *nihil* only.

The last objection to the ruling of the court below is very easily disposed of. In filing the demurrer to the *scire facias*, an appearance was entered for all the parties by their counsel, and we think this was amply sufficient for all the purposes of that proceeding. This view of the subject dispenses with

the necessity of any general inquiry into the proper mode of proceeding in such cases, as well as any examination of the authorities cited by counsel.

The first point may deserve somewhat more extended notice, but really presents no greater difficulty in disposing of it than the second. It is admitted to be well established by the former decisions of this court, that a recognizance taken by any court or officer of this State, without authority of law, is absolutely null and void. It is also true that by the provisions of R. C. 1855, ch. 127, § 33, it is directed that, "When the indictment is for a bailable offence, the defendant may be let to bail by the court in which such indictment is pending ; or if such court be not sitting, by the judge thereof, or by any judge or justice of the County Court of the county in which the indictment is pending." But this statute must be taken in connection with other provisions of the law, and should not be so construed as to work a hardship upon any party who may be indicted for a criminal offence, and who ought to be permitted to redeem himself from imprisonment by giving bail. It seems to have been drawn without reference to the fact that a party so indicted might desire a change of venue ; for it does not necessarily follow that a party will be tried in the county in which the indictment is found. In this case it is shown that an order for a change of venue was made to the county of Andrew, but that the prisoner remained in the custody of the jailer of Buchanan county. The position of the counsel is correct, that from the date of that order the Circuit Court of Buchanan county had divested itself of all jurisdiction in the premises, and the indictment might with propriety be said to be pending in the county of Andrew. The only means, however, by which he could make an application for bail, are pointed out by the act in relation to writ of *habeas corpus*. By the 21st section, article 4, of the *habeas corpus* act, R. C. 1855, p. 849, it is provided, that " when a person applies for the benefit of this act who is held in custody on charge of crime or misdemeanor, his application in the first

State v. Woolery et als.

instance shall be to a judge of the Circuit Court for the county in which the applicant is held in custody." It does not follow in express terms that if no such judge be at that time in the county, that then he may apply to a justice of the County Court of the same county; but we think that is a reasonable and fair construction of the two acts taken together to say that such was really the intention of the law makers. It is a construction at least most favorable to persons held in confinement, and warranted by the general policy and spirit of our system of laws. A literal construction of the first act referred to disconnected from the provisions of the *habeas corpus* act might result in great hardship and oppression in many cases. A prisoner may be removed by order of the court to a jail for safe keeping in a county remote from that in which the indictment is pending, and if the offence with which he stands charged is bailable under the law, and there should be no circuit judge in the county, it might be a very great hardship to require that his application in such case should be made in the county from which he has been removed against his own consent.

Having ascertained, as we think, the proper interpretation of the statute which is relied upon for a reversal of this case, we proceed to examine the only remaining question. Is there such a state of facts shown as to authorize the act of the county justice? An examination of the record shows that no part of the proceedings upon the application of the prisoner to be admitted to bail is preserved except the petition and the recognizance. The writ itself, with the return thereon, is not preserved, but the presumption must be that all this was regularly done, and this presumption, in the absence of anything to the contrary, must go to the extent of concluding that all the steps necessary to be taken in order that the justice of the County Court could act in the premises were taken, and that he was duly authorized by law to take and approve the recognizance.

The other judges concurring, the judgment of the Circuit Court is affirmed.