## MEYER v. BROADWELL, *Appellant.*

1. **Practice**: PUBLICATION: JURISDICTION: WAIVER. Where defendants are notified by publication of the commencement of suit, appear, file an answer and procure a continuance, they cannot, at a subsequent term, by amended answer, make the defence that they were residents of the state at the commencement of the suit and not being served with personal process the court acquired no jurisdiction over them. The irregularity of process, if any, was waived by their appearance and pleadings.

2. **Husband and Wife**: MECHANIC'S LIEN: RECOVERY AGAINST HUSBAND. A mechanic's lien cannot be enforced for materials furnished and work done for the husband on the property of the wife and with which the latter had nothing to do. But a recovery may be had against the husband as the work was done for him and he was liable therefor.

3. **Pleading**: CONTRACT. Where a special written agreement is relied on as a defence it should be pleaded with the breaches thereof so that an intelligent issue may be raised.

4. **Practice**: CONTRACT: ACCEPTANCE. Where the evidence is conflicting as to whether a written proposal was accepted and work done under it, it is a question of fact to be determined by the triers thereof, and cannot be disposed of by demurrer.

*Appeal from Jackson Special Law and Equity Court.—*
HON. R. E. COWAN, Judge.

AFFIRMED.

*Frank Titus* for appellant.

(1) Defendants' plea to the jurisdiction should not have been stricken out, and plaintiff's demurrer thereto was improperly sustained. Plaintiff alleged in his petition, as a material allegation, that defendants were non-residents of the state. Defendants' first answer denied the truth of each allegation in the petition, and the omission of defendants to set forth such denial in so many words was not an admission of the propriety or regularity of the process, or a waiver on their part of any objection thereto which estopped them from setting up the same more fully in their answer of October 2d, 1878. If the defendants were residents of the state then, as that was the only fact on which plaintiff based his right to non-personal process, it was an issuable fact to determine the jurisdiction of the court over the persons of defendants. (2) Defendants' instruction No. 1 should have been given. Plaintiff's evidence not only proves a different contract from that pleaded by him, but shows a state of facts upon which he would be precluded from a recovery on *assumpsit* even under proper pleadings. *Groves v. Railroad*, 57 Mo. 306; *Budd v. Zoller*, 52 Mo. 242; *Stollings v. Sappington*, 8 Mo. 118; *Chambers v. King*, 8 Mo. 517; *Yeats v. Ballentine*, 56 Mo. 530; *Williams v. Porter*, 51 Mo. 441; *Kling v. Ry. Construction Co.*, 7 Mo. App.; *Carroll v. Craine*, 9 Ill. (4 Gil.) 563; *Linn v. O'Hara*, 2 E. D. Smith 569; *Eyerman v. Mount Sinai Association*, 61 Mo. 489; *Earp v. Tyler*, 73 Mo. 617. The tenth instruction should have been given. The evidence shows clearly the defendants were citizens of this state, residing at Fulton. The validity of the process and consequent personal jurisdiction over them rested upon proof of the fact of non-residence. This matter was not waived by defendants. The judgment complained of is a personal one against appellant. That in an action when process is had by publication, in mechanic's lien cases it is error to render a personal judg-

ment against defendant if lien fails ; See *Hartman v. Sharp*, 51 Mo. 30 ; *Grant v. Vandercook*, 57 Barb. 165 ; *Glacius v. Black*, 67 N. Y. 563 ; *Glacius v. Black*, 50 N. Y. 145 ; 19 Albany Law Journal, 115.

*R. W. Quarles* for respondent.

BLACK, J.—1.  This was an action to enforce a mechanic's lien for work done and materials furnished in the construction of a stone foundation wall upon the property of the wife of defendant.  The appellant and his wife were made parties to this suit and were notified by publication only.  They appeared and filed an answer ; subsequently they procured a continuance of the cause, and at a later term filed an amended answer in which, for the first time, as a second defence, they alleged that they were residents of the state at the commencement of the suit, and, not having been served with personal process, the court had acquired no jurisdiction over them.  The appearance to the suit and the pleadings thus made waived the irregularity of the process, if any there was, and they subjected themselves to the jurisdiction of the court, and this portion of the amended answer was properly stricken out.

2.  The petition counts for the value of the work and materials.  The answer was a general denial, except as to some items of alleged credit given by the plaintiff ; and a counter-claim for materials belonging to defendant, alleged to have been converted by the plaintiff to his own use.  The evidence showed that the work was done at the instance of the appellant for himself, and that the wife had nothing to do with it.  The court found for the defendants, as to the lien, but gave judgment against the appellant for the balance found due the plaintiff.  The fact that the work was done on the property of the wife and no lien was or could be enforced therefor, did not prevent a recovery against him.  The work was done for him and he was liable therefor.

3. At the close of the evidence defendants, among other instructions, asked the court to give one in the nature of a demurrer to the evidence which was refused. This, it is contended, should have been given because there was evidence tending to show that the work was done under a written proposal of plaintiff to do the same at specified prices, and that the work had not been completed, but was abandoned by plaintiff. On the other hand there was some evidence that plaintiff quit the work before completion because of defendant's failure to pay for the work done as agreed. If the defendant relied upon any such special agreement he should have pleaded it and the breaches so that an intelligent issue would have been raised. Whether the proposal was accepted, and the work done thereunder, were questions of fact to be determined by the trial court, a jury having been waived, and cannot be properly disposed of on such a demurrer. Besides this, there were items sued for not embraced in the proposal, and the defendant's liability for these could not be determined on such a demurrer. The other instructions refused relate mostly to the mechanic's lien and need not be considered. Affirmed. All concur.