MARY J. KILLORAN, as Administratrix of the Estate of JOHN H. E. KILLORAN, Appellant, *v.* CLINTON W. SWEET, Respondent.

*Life insurance policy, assigned to protect a purchaser of land charged with an annuity — the assignee is not obliged to pay premiums unless he has agreed to do so.*

Land devised, charged with a legacy to be paid in yearly installments, was conveyed to one Sweet, who was protected from liability for future payments of the legacy by an assignment of a policy of insurance on the life of the legatee, running to the latter, and his administrators and assigns. Sweet did not pay the premiums falling due under this policy, and the policy expired. There was no evidence that he had agreed to pay the premiums; although he had received a sum of money sufficient to pay them at the time of the assignment, for the balance of which in his possession in an action brought against him by the legal representatives of the legatee he consented to have judgment entered against him.

*Held,* that Sweet was not liable for his failure to pay the premiums in the absence of an agreement to do so, and that there was no evidence of such an agreement having been made by him.

APPEAL by the plaintiff, Mary J. Killoran, as administratrix, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 24th day of March, 1893, on a verdict directed by the court in her favor and against her objection.

*Henry A. Forster,* for the appellant.

*Edward Jacobs,* for the respondent.

FOLLETT, J. :

In October, 1869, Margaret Killoran died, leaving a will which was duly probated, by which she devised the fee of No. 450 Sixth avenue to Dominick J. Killoran, her son, subject to a charge of $4,500, payable to John H. E. Killoran, another son, in installments of $250 on each first day of May, beginning May 1, 1870, and ending May 1, 1887.

It was provided that in case said annuitant died before the whole sum should be paid the subsequent annual payments were to be paid to persons mentioned in the will.

Dominick J. Killoran paid to his brother $250 annually for eight years, $2,000 in all, the last payment being made May 1, 1877.

This left a charge of $2,500 on the premises, payable in ten annual installments on each first day of May thereafter. On the 22d of November, 1877, Dominick J. Killoran conveyed the premises to the defendant in this action by a full covenant deed, and at the same time John H. E. Killoran acknowledged the receipt of all previous annual payments due him and conveyed all of his interest in the premises to the defendant, and for the purpose of securing the defendant against the liability of paying annual sums to other persons in case John H. E. Killoran died before the expiration of the ten years within which the remaining $2,500 were to be paid, Dominick J. Killoran procured a policy of insurance for $2,500 on the life of John H. E. Killoran, payable to his representatives or assigns. It bore date November 20, 1877, and the annual premium thereon was $56.75, amounting for ten years to $567.50, which sum Dominick J. Killoran delivered to the defendant wherewith to pay the premiums on the policy for ten years. On the day the policy was issued it was assigned by John H. E. Killoran to the defendant.

July 16, 1886, John H. E. Killoran died of delirium tremens at Bellevue Hospital in the city of New York. Subsequently letters of administration were granted to his widow, who brings this action to recover damages against the defendant for permitting the policy to lapse. She claims that she is entitled to recover $2,872, the amount which would have been due on the policy had all the premiums been paid and all of the conditions of the policy kept and performed. The defendant answered that the policy was solely for his indemnity and benefit, and that he stopped paying the premiums because the insured violated the terms of the policy by impairing his health by the use of alcoholic stimulants and by traveling and residing outside of the limits of residence and travel permitted by the terms of the policy. To establish the liability of the defendant for damages arising from his failure to pay the annual premiums it was necessary for the plaintiff to show that the defendant was under some obligation to make the payments. This was the issue which she tendered in her complaint and which she was bound to establish in order to recover. The defendant introduced no evidence, and the case was disposed of on that given by, and in behalf of, the plaintiff. She called the defendant, and he was examined in respect to the terms of the agreement under which the policy was assigned

FIRST DEPARTMENT, OCTOBER TERM, 1893. [Vol. 72.

to and the money left with him for the payment of future premiums. He testified that he never promised to keep the policy alive, and that it was issued and assigned to him solely for his security. There is nothing in the case impeaching or discrediting this testimony; indeed, the natural inference deducible from all the evidence is that this policy was taken out and paid for by Dominick J. Killoran and assigned by John H. E. Killoran to the defendant solely for the latter's security against any claims that might be made by others for the payment of the sum charged on the land. There is not the slightest conflict in the evidence, and there was no disputed question of fact, and no question for the jury. The defendant had in his hands $283.75 of the money delivered to him by Dominick J. Killoran which he had not expended in paying premiums on the policy, for which amount he consented that a verdict might be directed against him, with interest.

Under the complaint the plaintiff was not entitled to recover this sum in this action, but the defendant in his answer averred that he agreed with Dominick J. Killoran to pay to the plaintiff such part of $567.50 as he should not expend in the payment of premiums on the policy.

When John H. E. Killoran died there was but one annual payment of $250 left as a charge on the land, which the defendant has satisfied. It seems to us that the bare statement of the facts of this case demonstrates without the aid of argument and illustration that the plaintiff is not entitled to recover.

The vital allegation in her complaint is "that said defendant agreed out of said moneys to keep said policy alive by paying premiums thereon which should become due, including the premium which should become due on the 20th day of November, 1886." This allegation she not only failed to prove, but absolutely disproved it by her own witness.

The judgment is right and must be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.