CHARLES M. BUSH, Respondent, v. MAURICE BLOCK and FRANK TITUS, Appellants.

**Kansas City Court of Appeals, June 12, 1916.**

1. **EQUITY: Foreclosure: Assignment of Insurance Policy: Election.** Where a policy of life insurance was assigned to secure a note, the obtaining of a general judgment on the note does not bar the remedy for the endorsement of the lien upon the security for that debt.

2. ———: ———: ———: **Right to Convert Policy into Paid-up Insurance.** Where the policy assigned provided that, upon the failure to pay premiums, it could be converted into a paid-up policy for a certain proportion of its face value; and the assignor failed to pay the premiums as he was required to do, the assignee had the right, after notice, to convert the policy into paid-up insurance according to its terms.

3. ———: ———: ———: ———: **Necessary Parties.** In this foreclosure proceeding the Insurance Company has not nor claims an interest in the controversy. The sole question is whether plaintiff has a lien on the policy for the debt and whether that lien shall be enforced by foreclosure. Hence the insurance company is not a necessary party.

4. ———: ———: **Limitation.** The action to foreclose is not barred by the Statute of Limitations so long as the debt, for which the security is given, is kept alive.

5. ———: ———: ———: **Procedure: Amending Petition Adding New Parties.** After the case had been tried and submitted to the court and had been taken under advisement, the defendant made an assignment of the policy to his attorney who took with full notice of all of plaintiff's rights. Plaintiff thereupon filed an amended petition making said attorney a party defendant. *Held,* that the amendment was allowable. The amended petition was confined to the same subject-matter as before, the new facts added were those of the transfer to the attorney in no way affecting the issues, though, perhaps, affecting the validity of any judgment that might have been rendered for plaintiff under the petition before amendment.

6. ———: ———: ———: ———: ———: **Jurisdiction: Waiver by Motion Going to Merits.** Although no summons was served upon the new party defendant, yet this did not

invalidate the judgment, since the new party defendant, by filing a motion to strike out the amended petition, entered his general appearance. The motion went to the merits of the case and this made the mover's appearance general and waived the lack of service of summons upon him even if the moving party says his appearance is special only, and he was not intending to enter his general appearnce.

7. ———: ———: ———: ———: Evidence: Deposition of Defendant. The taking of defendant's deposition by plaintiff was a waiver of defendant's incompetency as a witness on account of the death of the opposite party to the contract of assignment; but the taking of the deposition did not constitute him plaintiff's witness so as to make defendant's statements in the deposition admissible as statements or admissions of plaintiff.

8. JUDGMENTS: Res Adjudicata. After a judgment had been rendered against defendant upon the note, to secure which the policy was assigned, the questions as to prior payment of the note, that the maker did not owe it, that the payee was not the one to whom it should have been made and similar questions were *res adjudicata* in the proceeding to foreclose.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*Frank Titus* and *S. A. Dew* for appellant.

*R. W. Crimm* and *Chas. M. Bush* for respondent.

TRIMBLE, J.—This suit in equity was brought originally against the defendant Block alone, to foreclose his interest in a policy of life insurance for $2000 issued to said Block by the Equitable Life Assurance Society of the United States, dated July 13, 1891. The foreclosure was sought upon the ground that the policy had been assigned as security for a debt now held and owned by plaintiff, and which defendant Block had failed to pay.

It seems that on October 30, 1896, Block executed to John P. Loomas his promissory note for $500 due

December 30, after date, bearing eight per cent interest from date until paid; that Block delivered to said Loomas, as security, the aforesaid policy of insurance with the following assignment or mortgage attached thereto:

"Kansas City, Mo., Dec. 22, 1896.

I hereby assign Policy Number 540329, which is hereto attached, to J. P. Loomas, his heirs and assigns, as his interest may appear.

This assignment is made to protect said J. P. Loomas against loss on my note for ($500) five hundred dollars, which he holds and also to protect him against loss by reason of his endorsement on the note of the M. Block Produce Co., now held by the American Nat. Bank for ($900) nine hundred dollars. These notes will be reduced from time to time and the assignment of this policy is made to protect and pay these notes for whatever amount remains unpaid at my death, or when payment is demanded.

(Signed)    Maurice Block."

Afterwards, in May, 1901, Loomas died leaving a will in which his widow was made residuary legatee. While the said note, policy, and assignment were in the hands of the executrix of the will as a part of the assets of said estate, said Block appeared before a notary public (plaintiff herein) on the 5th of December, 1902, and acknowledged the assignment to be his free act and deed and the certificate of said acknowledgment was duly endorsed upon said assignment. After Loomas' estate was duly settled in the probate court, said $500 note with the security therefor, passed to and became the property of said widow, Mary I. Loomas, on November 25, 1903.

It seems that the preimum on the policy due October 2, 1903, was not paid, and, as Block could not be induced to pay further premiums, the policy was, after due notice to Block, forwarded to the company to be converted into a paid-up policy, in accordance

with the terms thereof, for as many twentieths of the original policy as there were complete annual payments made, and the Insurance company accordingly converted said policy into a paid-up policy for $1200. This was done April 29, 1904.

Afterwards, Mrs. Loomas brought suit on said note against Block in the circuit court of Jackson county, Missouri, in which personal service was obtained, and judgment in her favor was rendered March 7, 1907.

On August 31, 1909, Mrs. Loomas assigned, in writing, said judgment and also all interest in the policy (now changed to a paid-up policy for $1200) to the plaintiff, Charles M. Bush.

He instituted the present suit to foreclose on April 25, 1914. The defendant Block, through his counsel Frank Titus, filed an answer setting up various defenses which will be stated and considered later. The cause was heard at the September term, September 29th and 30th, 1914, and was taken under advisement. At the time of the institution of the suit on down to and during the hearing of the case and after the submission to the court, the defendant Block was the sole owner of the equity of redemption in said policy. While said cause was being held by the court under advisement and waiting for briefs, the defendant Block, on October 7, 1914, executed a bill of sale attempting to transfer and assign said policy to his said attorney Titus. Thereupon, on October 16, 1914, at the same term, plaintiff, filed an amended petition which stated the same cause of action as the original petition but which made Titus a defendant also, and alleged that defendant Block was the sole owner of the equity of redemption in the policy down to and after the taking of the case under advisement, and that, while said case was so under advisement, said Block, for a consideration of $1, had assigned said policy to said Titus who received same with full

knowledge of plaintiff's rights and of the proceedings in the trial of the case, and that the purpose of said assignment was to take the title to said equity of redemption out of defendant Block and beyond the scope of any judgment that might be rendered, making it necessary that said Titus be made a party, and praying, in addition to the prayer of the former petition, that Titus be enjoined from transfering the equity of redemption to other persons, and thereby render it impossible to secure an adjudication of plaintiff's rights and cause him irreparable injury, since Block was insolvent and could not be compelled to respond in damages. The court set the hearing on the restraining order for October 17, 1914, after bond had been filed and approved. On that day the hearing was reset for October 20, 1914. On October 19, 1914, defendant Frank Titus appeared and filed motion to strike out the amended petition, which was taken under an advisement by the court and on January 16, 1915, was overruled, the defendant Titus excepting. The case was then set down for further hearing on March 22, 1915, at which time defendant Block appeared by his counsel Titus, but the latter for himself individually declined to plead to the amended petition and was adjudged to be in default. At the final hearing on this date, defendant Block through his attorney Titus, disclaimed any desire to have further time to introduce evidence. Whereupon the plaintiff introduced evidence showing the transfer to Titus after the submission of the case. No evidence was offered in behalf of either defendant upon this branch of the case. The court thereupon rendered judgment in favor of plaintiff, finding that plaintiff had a lien or mortgage on the policy superior to the rights of said defendants; and that the title of Titus was subject to the rights of plaintiff; that there was due on the indebtedness to plaintiff the sum of $1303.43. The court then decreed that the equity of redemption in

the policy be foreclosed and that defendants and each of them be restrained and enjoined from disposing of the policy; and that defendant Block take nothing on account of his counterclaim. Both defendants appealed.

The point that the original petition failed to state facts sufficient to constitute a cause of action is without merit. A number of objections are made to the petition, each on the ground that it fails to state a certain fact, but a reading of the petition discloses that the claim that such facts are omitted is groundless. Other facts which defendants claim were not stated were not necessary to be stated in view of the general judgment obtained against Block on said $500, which was pleaded in the petition, and which judgment conclusively settled all facts involved therein. One of the objections, however, deserves special notice. It is contended that Mrs. Loomas and plaintiff as her assignee must be deemed to have elected, as a matter of law, to look to the defendant Block in person and not to the security offered by the policy because the right to foreclose was lost by suing Block personally on the note. The rule, however, is that the obtaining of a general judgment for a debt does not bar the remedy for the enforcement of a lien upon the security for that debt. [Funk v. Seehorn Admr., 99 Mo. App. 587, l. c. 600; Maffat v. Greene, 149 Mo. 48; Board of Trustees v. Fry, 192 Mo. 552, l. c. 561; McCauley v. Brady, 123 Mo. App. 558, l. c. 563; 23 Cyc. 1193.] Nor does the amended petition state any different cause of action, as to the foreclosure sought, from the original. A comparison of the two amply demonstrates this.

The assignee of the policy had the right, upon Block's refusal to pay further premiums, to convert it into a paid-up policy. Block, in the policy, contracted to pay the premiums. The value and life of the policy depended upon their regular payment. If

premiums stopped, the only right, of value under the policy, was to have it converted into as many twentieths of its face value as there were premiums paid. The assignment of the policy to Loomas as security for the note did not relieve Block of the obligation to pay premiums. [Grant v. Alabama Gold Life Ins. Co., 76 Ga. 575; In re Davison, 179 Fed. 750; 25 Cyc. 774, 775; Killoran v. Sween, 25 N. Y. Supp. 295, affirmed 144 N. Y. 703; 19 Am. & Eng. Ency. of Law (2 Ed.), 88.] It was still his duty to pay them. From 1902 there was difficulty in getting Block to pay them. Finally in October, 1903, he refused to pay any longer, and, in 1904, he was notified in writing that on a certain date Mrs. Loomas would apply to the Insurance Company for a paid-up policy. On default in the payment of premiums the policy could be converted into a cash surrender value or into paid-up insurance. Of course the former would be much smaller than the latter. With Block refusing to pay premiums, Mrs. Loomas was in a position where she must either pay the premiums herself or take the cash surrender value on a paid-up policy. If she paid the premiums, there was no telling how long she would be compelled to do so, and if the insured lived long, the premiums would equal or exceed the policy, and the debt would still be unpaid. Mrs. Loomas was under no obligation to pay them. She, therefore, upon notice to Block, had it converted into a paid-up policy, which she had a right to do. [In re Davison, 179 Fed. 750; 25 Cyc. 775, 776.] As said by JACKSON, J., in Grant v. Alabama, etc., Ins. Co., 76 Ga. 575, l. c. 582: "It would be manifestly unjust to give a security, kill it by failure to keep it alive by feeding it, and then claim a judgment . . . for his own wrong." The reason the policy is now a paid-up policy for $1200 instead of a going policy for $2000, on which the obligation to pay premiums would still continue, is because of Block's failure to perform his duty in keeping up his

premiums. Hence, he cannot take advantage of his own wrong nor demand damages on a counterclaim for the conversion of the policy into a paid-up policy for $1200. And, as we have seen, Mrs. Loomas had the right to have it changed under the circumstances.

This leads us to another contention of defendants closely related to the one just considered  That is that the Insurance Company was a necessary party to this proceeding. Under the statute, any person who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved, may be made a defendant. [See 1732, R. S. 1909.] But the Insurance Company neither has nor claims an interest in this controversy either adverse to or in favor of plaintiff, nor is it a necessary party to a settlement of the question in this suit. That question is whether plaintiff has a lien on the policy for the debt, and whether that lien shall be enforced by foreclosure. The Insurance Company was not a party to the assignment nor is it interested in the subject-matter of the suit, viz., the policy, or in the ownership thereof. Even if it were or had been made a party, it could not be required to change the policy from $1200 back to $2000, since, by virtue of Block's refusal to pay premiums, the obligation and liability of the Insurance Company have become fixed. Besides, for a better reason, any such claim on the part of Block against the Insurance Company, even if it had been asserted, would be outside the scope of this suit. The Insurance Company was not a necessary party. [Baldwin v. Jordan, 171 S. W. 1016, l. c. 1017.]

Nor was the present action barred by the Statute of Limitation. The lien or mortgage on the policy to secure the note is regarded as an incident thereto and so long as the debt, for which the security is given, is kept alive, the lien remains alive. [Johnson v.

Johnson, 81 Mo. 331, l. c. 336; Berryman v. Becker, 173 Mo. App. 346, l. c. 356.]

It is claimed that the assignment has been fraudulently altered in that the concluding words "or when payment is demanded" were added after its execution. But there is no evidence showing that these words were added after the document was signed. Block swore he did not read the assignment when it was signed. He, therefore, could not say whether the words were there or not. Every handwriting expert says the words are in the same handwriting as the rest of the paper. There is sufficient evidence to show that these words were in the assignment when it was signed. The evidence is that Mr. Loomas wrote the assignment, and consequently he wrote the words said to have been added. Before Mr. Loomas' death, Block wrote him one or two letters which, in effect, are admissions that Loomas did not have to wait until Block's death to realize on the note or to foreclose the policy. In addition to this, after Mr. Loomas' death, which was clearly after the words could possibly have been put in there, since they were in Loomas' handwriting, Block acknowledged the assignment *as it now appears* before a notary public. The fact that said notary public now happens to be the plaintiff herein makes no difference. At that time he had no. interest in said assignment.

It is also urged that the court had no authority to allow the amended petition to be filed after the case had been tried and submitted. As heretofore stated, the only addition made to the original petition by the amended one was to make Titus a party and set up the transfer to him of the title to the equity of redemption since the submission. It was perhaps necessary to the validity of any judgment that might be rendered in plaintiff's favor that Titus be made a party. [Sec. 2835, R. S. 1909; McCauley v. Brady, 123 Mo. App. 558.] But Titus did not become a nec-

essary party until after the submission of the case
and did so with the most full and complete notice of
plaintiff's rights and claims.   The amendment was
allowable.   [Pratt v. Walther, 42 Mo. App. 491.]   And
it could be made even after submission of the case.
[Secs. 1848, 1849, R. S. 1909; Reyburn v. Mitchell,
106 Mo. 365, 379; O'Fallon v. Clopton, 89 Mo. 284;
Coats v. Elliott, 23 Tex. 606.]   In reality, the amend-
ment was a substitution of Titus for Block, and the
former could be substituted for the latter.   [Sec. 1924,
R. S. 1909.]   As a general rule the substitute party
takes up the litigation at the point where the original
party left it.   [20 Ency. of Pl. and Pr., 1061; Wellman
v. Wellman, 42 Mo. 101; 2 Am. & Eng. Ency. of Law,
1079.]   The amended petition was confined to the
same subject-matter as before.   The new facts alleged
were not inconsistent with the facts on which the
case was tried.   Indeed, the same facts were alleged
and the new facts were merely those arising since the
submission of the case and in no way affecting the
issues involved, but did perhaps affect the validity of
any judgment that might be rendered for plaintiff.
Hence the amendment was proper.   [Secs. 1848, 1854
and 1857, R. S. 1909; Cohn v. Souders, 175 Mo. 455,
467; Ward v. Davidson, 89 Mo. 445, 455.]

The fact that no summons was issued and served
upon Titus cannot now be relied upon by him to de-
stroy the judgment rendered.   For, by filing a motion
to strike out the amended petition, he voluntarily en-
tered his general appearance.   This motion did not
go to the jurisdiction of the court over him nor to
the question of service or lack of service.   It went to
the *merits of the case.*   Such appearance is, in effect,
general, even if the moving party says his appear-
ance is special only.   [Edgell v. Felder, 84 Fed. 69;
Wicecarver v. Mercantile etc. Ins. Co., 137 Mo. App.
247, 255.]   The motion filed was an absolute submis-
sion to the jurisdiction of the court, and that made

the appearance general. [3 Cyc. 502, 503, 511; Thomasson v. Mercantile Town Mut. Ins. Co., 114 Mo. App. 109, 115.] By challenging the sufficiency of the amended petition the defendant Titus entered his general appearance whether he intended to do so or not. [King v. Hyatt, 51 Kan. 516; 3 Cyc. 504, 508, 509; Albert v. Clarendon Land etc. Co., 53 N. J. Eq. 623; Welch v. Ayres, 61 N. W. 635; Pry v. Hannibal, etc., R. Co., 73 Mo. 123, 127; State ex rel. v. Grimm, 238 Mo. 135, l. c. 174. See, also, Tower v. Moore, 52 Mo. 118, l. c. 120.]

The exclusion of the defendant Block's deposition taken by plaintiff was not error. Defendant offered the deposition but upon the attention of the court being called to the presence of Block, the deposition was excluded and Block himself called to the stand and allowed to testify. The taking of Block's deposition did not constitute him plaintiff's witness so as to make his statements admissions of plaintiff. The taking of said deposition waived Block's incompetency, on account of Loomas' death, to testify concerning transactions had with the latter. But the matters Block desired to testify about, which were excluded, were matters which the judgment on the notes rendered in Mrs. Loomas' favor, had made *res adjudicata*. These were that he had paid the note to Loomas; that the note should have been made to the American National Bank; that Loomas suffered no loss on account of the note, etc.

Other objections are made to the decree but we think they are covered by the foregoing. The judgment is affirmed. All concur.