MERCHANTS SAVINGS & LOAN ASSN., RESPONDENT, v. ANCONA REALTY COMPANY, APPELLANT.—78 S. W. (2d) 470.

Kansas City Court of Appeals. January 28, 1935.

*William B. Dickinson* and *Martin B. Dickinson* for respondent.

*Marcy K. Brown* for Ancona Realty Co.

*H. D. Kissinger* for American Surety Co.

BLAND, J.—This is an action on a bond executed by the defendant, Ancona Realty Company, as principal and the defendant, American Surety Company, as surety, in favor of the Merchants Savings & Loan Association (hereinafter referred to as the plaintiff). Plaintiff was the beneficiary in a deed of trust upon real estate in Kansas City and purchased the property at the foreclosure sale made by the trustee. The bond was in the penal sum of $2000 and was given under the provisions of sections 3063 and 3064, Revised Statutes 1929, for the purpose of securing the redemption of the real estate. The proceeding in which the bond was given was entitled: "In the Matter of Application of Ancona Realty Company, a corporation, for the approval of security for the redemption of real estate from the sale thereof by William B. Dickinson, Trustee, on May 2, 1929." The cause was numbered 295478. The real estate was not redeemed and this proceeding was brought on the bond against the principal and the surety thereon (hereinafter referred to as the defendants). Our statute concerning suits upon bonds of this character does not provide for the assessment of damages in the proceeding in which the bond is given (see article 2 of chapter 15, R. S. 1929) but, nevertheless, plaintiff commenced this proceeding, not by a separate suit, as it should have been had the plaintiff proceeded in the usual and ordinary manner (see Elliott v. M. K. & T. Ry. Co., 77 Mo. App. 652, 660), but in the original proceeding, with the above title, wherein the bond for the redemption of the real estate had been approved. Four terms had elapsed after the proceedings for the redemption of the bond had terminated before this proceding was brought. No process was issued in the new proceeding and, of course, none was served upon the defendants. Notwithstanding this plaintiff claims that, by reason of the various motions and pleas filed by the defend-

ants they entered their general appearance to the proceeding on the bond. It will, therefore, be necessary to set forth the various steps taken by the defendants in relation to the matter.

This proceeding on the bond was commenced by the filing of a petition which purports to be the ordinary petition that is filed in a regular suit upon a bond. It was started by the filing in the original proceeding by plaintiff of what was entitled: "Motion for judgment on bond." The Merchants Savings & Loan Association was described, not as plaintiff, but as "your orator." Said motion set up sundry items of damages aggregating a sum much in excess of the penal sum of the bond but asked judgment only in the sum of the bond. The motion was filed on August 20, 1930. Seven days thereafter defendants, the principal and surety on the bond, filed their separate and identical pleadings entitled: "Plea in abatement and motion to strike out." These motions recite that the defendants appeared for the purpose, only, of the motions and pleas and that they objected to the jurisdiction of the court over their persons and over the subject-matter; that said motion "for judgment on bond" was not brought in "proper form or manner as prescribed by law" and it did not state facts sufficient to constitute a cause of action; that there was a defect of parties defendant; that the American Surety Company was a nonresident and a foreign corporation and not a necessary party to the alleged action.

Thereafter, the court overruled these pleas and motions, whereupon, defendants requested time to plead, still insisting that the court had no jurisdiction and that they were not waiving that point. Thereafter, defendants filed their respective demurrers to plaintiff's motion, which were identical except for the names of the parties, and set up the same matters asserted in their pleas in abatement and motions to strike out, with the additional allegation that no judgment could be rendered against the American Surety Company until a judgment had been obtained against the Ancona Realty Company. Said demurrers contained the statement that the defendants move "the court . . . to abate, deny, overrule and strike out" plaintiff's motion. These demurrers were overruled.

Again defendants requested time to plead, which was sustained. These requests were worded similarly to the first ones above mentioned. Thereafter, defendants separately filed answers to plaintiff's motion. These answers were substantially identical. Each insisted and recited that the defendants were appearing, only, for the purpose of their answer and set up all of the matters theretofore raised by the pleas in abatement and the demurrers. They also denied each and every allegation contained in plaintiff's motion except the incorporation of the defendants.

Thereafter, plaintiff filed an amended motion and petition for a judgment on the bond in which plaintiff was described as "Your orator and plaintiff" and the principal and surety on the bond were described for the first time as defendants. Said amended motion and petition was substantially the same as plaintiff's original motion for a judgment on the bond, with the addition of a verification. However, the amended motion and petition for judgment on the bond, in addition to being styled as the proceedings theretofore had been entitled, also, styled the same as "Merchants Savings & Loan Association of Kansas City, Missouri, a corporation, *Plaintiff*, v. Ancona Realty Company, a corporation, and American Surety Company of New York, a corporation, *Defendants*.

Thereafter, defendants, separately filed pleas in abatement to said amended motion, which pleas were substantially identical with each other and with the original pleas and motions to strike out, filed to the original motion for judgment on the bond. Thereafter, these pleas in abatement were overruled. Subsequently, defendants filed their separate demurrers to plaintiff's amended motion. Said demurrers were substantially identical to each other and with the demurrers originally filed by the defendants to plaintiff's original motion. Thereafter, the court overruled these demurrers and the defendants filed their separate answers to said amended motion for judgment on the bond. Said answers were substantially identical with each other and with the answers originally filed by the defendants respectively to plaintiff's original motion.

Thereafter, the case came on for trial and the parties appeared by their respective attorneys, waived a jury and tried the case on "Plea in abatement" and "On the merits of said proceeding." The defendants offered evidence on the issue of the plea in abatement largely consisting of the original motion for judgment on the bond, the amended motion and various motions and pleadings of the defendants. The plea in abatement was overruled over defendants' objection. The cause then proceeded to trial upon the merits. The attorneys for the defendants participated. Plaintiff proved its case, including its damages, and rested. Defendants introduced evidence but separately moved for judgment "on the record and whole evidence." The court overruled this motion and rendered judgment in favor of plaintiff for the sum of $2000 with interest at the rate of 6% per annum from the date of the bond, or a total of $2097.26. After the rendition of the judgment the defendants filed separate motions for a new trial, based not only upon the rulings of the court upon their dilatory pleas and motions but also upon the merits of the cause.

Defendants insist that the court had no jurisdiction either over the

subject-matter or over their persons. We will first take up the contention that there was no jurisdiction over the subject-matter. In this connection it is insisted that a proceeding upon a bond, such as this one, cannot be brought in the original proceeding in which the bond was given. It may be conceded that defendants could not have been brought into court by this method without their consent. Defendants could have properly appeared and raised and saved the question but, if their conduct was such that they must be adjudged to have entered their general appearance to the proceeding, then, they cannot now be heard to object to the method in which the cause was instituted. It is not disputed that the court had jurisdiction of this class of actions, the complaint being merely that it could not be brought by filing a pleading in the dead action wherein the bond was given. It appears that the only difference between this proceeding on the bond and a suit brought thereon in the conventional way, is that it was brought in a dead case instead of by filing a new suit. In other words, instead of the new proceeding bearing a new number it bore that of the old one. However, this was not such a violation of the orderly method of instituting causes of action as to make the proceedings void if defendants, in legal effect, consented to it. [State ex rel. Ponath v. Muench, 230 Mo. 236; Smith v. Kiene, 231 Mo. 215.] The case of State ex rel. McManus v. Muench, 217 Mo. 124, cited by the defendants is distinguished in the Ponath case.

We have examined the case of Fulton v. Fisher, 239 Mo. 116, cited by defendants and find it not in point. In that case there were a number of defendants brought into court by the plaintiff. One of them filed a cross-bill asking relief against a co-defendant, but this did not effect the cause of action brought by the plaintiff or the defenses thereto, or ask relief against other defendants, either to afford the cross-pleader a more adequate defense against the original bill than would a mere answer, or ask affirmative relief concerning the same matter covered by the original bill. However, the lower court required the co-defendant to defend the cross-bill. The Supreme Court stated, l. c. 134:

"This is not like a case where a party is sued and enters his special appearance by motion to quash the return, or otherwise pleads in abatement to the jurisdiction of the court over his person. In such a case, if after adverse ruling he enters his appearance and pleads to the merits, he waives the point of jurisdiction over the person. Here Fulton was unconditionally in court for all purposes of the Jones suit, subject to its judgment and entitled to its protection; his complaint now is, not that the court had not jurisdiction of his person, but that it used its jurisdiction to force him to answer in another suit. We hold that the court did not acquire jurisdiction of the

subject of the West Virginia controversy by the means pursued and that by answering the amended cross-bill Fulton did not give such jurisdiction."

It will thus be seen that the case at bar is like the hypothetical case mentioned in the Fulton case and does not involve a situation actually like that in that case.

However, an additional claim is made by defendants to the effect that, in no event, could the court acquire jurisdiction over the subject-matter because no legal action had ever been instituted; that such an action can only be instituted by the filing of a petition and *issuing summons* thereon. This, regardless, of the general appearance of the defendants in the proceeding. There is no merit in this contention. Section 724, Revised Statutes 1929, provides for two methods of instituting a suit: First, by filing in the office of the clerk of the proper court, a petition setting forth plaintiff's cause of action, and the remedy sought, and *by the voluntary appearance of the adverse party*; second, by filing such a petition and suing out thereon a writ of summons against the person or of attachment against the property of the defendant. There is no question but that a cause of action can be instituted without any summons being issued, if the defendant makes a voluntary appearance. [Davis v. Fleming, 253 S. W. 798; Bush v. Block & Titus, 193 Mo. App. 704; Conrad v. McCall, 205 Mo. App. 640, 644; State ex rel. Ponath v. Muench, supra; Smith v. Kiene, l. c. 230, 231, supra; Hill v. Barton, 194 Mo. App. 325, 332, 333, 334.]

In support of their contention defendants cite cases involving the question as to whether a suit has been instituted where the plaintiff has instructed the clerk not to issue any process. In these cases there was no general entry of appearance of defendants. They have to do with the question of the running of the statute of limitations and one of them as to the right of an attorney, who brings an action in partition, to have an attorney's fee allowed. Those cases, of course, have no bearing upon the point now before us. However, even in such cases it is held that the filing of the petition with the clerk constitutes an institution of an action, within the meaning of the code, notwithstanding that the summons is not issued until after the suit is barred by the statutes of limitations, if plaintiff does not obstruct or delay the issuance of the summons or its service. [Conrad v. McCall, supra; State ex rel. v. Wilson, 216 Mo. 215, 292.]

So the matter really resolves itself into the question as to whether defendants entered their general appearance in the case.

The method by which the question of jurisdiction over the person may be raised is well stated in the case of Harris v. McQuay, 300 S. W. 305, 307, 308:

"The question of jurisdiction may arise on the return on the

summons or on the face of the petition, or by reason of some fact not appearing in the return or in the petition. If it arises on the face of the return, the objection is usually made by a motion to quash the return; if it arises on the face of the petition, it is a question of law, and can be met by demurrer; if it arises from some fact that appears neither on the return nor on the petition, it may be presented by a plea in the answer." [See, also, Newcomb v. R. R., 182 Mo. 687; Thommason v. Ins. Co., 217 Mo. 485.]

It is well settled that, if the question of jurisdiction arises on the face of the return it must be raised by motion to quash the return or plea to the jurisdiction and the party filing the motion or plea must enter his appearance only for the purpose of objecting to jurisdiction over his person. If he does more he waives such jurisdiction. It has been held that this not only applies where the question of jurisdiction arises on the face of the return but where there has been no issuance of process whatever, in which event a plea to the jurisdiction is proper. [Davis v. Fleming, supra; Bush v. Block, supra.]

In the case of Hill v. Barton, supra, no summons was served upon the defendant. The court stated that the proper way to raise the point was by special appearance made in order to file a motion or plea to the jurisdiction; that such a motion or plea must be directed solely to the question as to jurisdiction of the court over the person of the defendant and that he cannot set forth, even, that the court has no jurisdiction over the subject-matter, without waiving jurisdiction over his person. The court, l. c. 333, quoted with approval from Mahr v. Union Pac. R. R. Co., 140 Fed. 921, 923, holding that "It is a matter of indifference to him (the defendant) whether or not the court has jurisdiction over the subject-matter; so long as it has no jurisdiction over his person, it cannot in any way injuriously affect his interest."

Returning to the various pleadings and actions of the defendants in the case at bar, we find the following, and each of them, constituted an entry of general appearance. Wherein, in their pleas in abatement and motions to strike out they objected to the jurisdiction of the court over the subject-matter. The same objection appears in their demurrers to plaintiff's motions or petitions. Wherein, in their motions and pleas in abatement, they allege that the motions or petitions did not state facts sufficient to constitute a cause of action and that there was a defect in the parties defendant; that the American Surety Company of New York was not a necessary or proper party. In their answers filed containing general denials. Their waiving a trial by jury on the merits. Their participation in the trial on the merits. Their motion for judgment in favor of defendants upon the "whole record." Their moving for a new trial on the

merits. Their appealing from the judgment on the merits. [Hill v. Barton, supra; Davis v. Fleming, supra; Bush v. Block, supra; Markey v. Railroad, 185 Mo. 348; State v. Woolery, 39 Mo. 525; Allen v. Welch, 125 Mo. App. 278; State ex rel. v. Grimm, 239 Mo. 135, 174, 177; Clark v. Grand Lodge, 328 Mo. 1084; Dilligner's, Admr., v. Higgins, 26 Mo. 180; Meyer v. Broadwell, 83 Mo. 571; Columbia Brew. Co. v. Forgery, 140 Mo. App. 605; Moseley v. Life Ins. Co., 226 Mo. App. 566; Newcomb v. Railroad, supra; Thommason v. Ins. Co., supra; State ex rel. v. Falkenhainer, 309 Mo. 224; Clark v. B. of L. F., 99 Mo. App. 687.] No doubt there are other ways in which they entered their general appearance but those above detailed are sufficient to support a ruling against them.

We have examined the cases cited by defendants and find them not in point. They go no further than to hold that where the facts, relating to the question of jurisdiction of the person of the defendant appear neither in the return nor in the petition, he does not waive the matter by filing a motion to dismiss or by a plea in abatement setting up such grounds and afterwards filing an answer containing the motion or plea combined with a plea to the merits. In the case at bar the question of jurisdiction appeared upon the matter of the issuance and service of process and needed no proof of extraneous facts to show the defect. This being the situation, the question, as before stated, could have been raised only by a proper motion or plea to the jurisdiction, without incurring the penalty of a general appearance. As the jurisdictional matter did not appear on the face of the petition the demurrer, alone, waived it.

Defendants, in their brief, set forth a number of points which constitute mere statements of abstract propositions of law and are too indefinite to raise any question for our consideration. [Hanchett Bond Co. v. Palm, 220 S. W. 673; Duffy v. Allen, 220 S. W. 857.]

The judgment is affirmed. All concur.