In re Redemption of Property.

Iris CARTER, Plaintiff-Respondent,

v.

Edward S. GUFFEY and Linda Ann Guffey, Defendants-Appellants.

No. KCD 28242.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

**234**

James F. Crews, Kibbe, Crews & Gaw, Tipton, for defendants-appellants.

Woolsey & Yarger, Kenneth O. McCutcheon, Jr., Versailles, for plaintiff-respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The real estate of the Guffeys, husband and wife, was given by deed of trust to Iris Carter to secure a note held by her. The indenture was foreclosed for non-payment of the obligation and at the sale the property was purchased by the holder of the note for $20,600. In the time and manner prescribed by § 443.240, RSMo 1969, the Guffeys delivered to the trustee a notice to redeem the property. After the sale, a petition to redeem the property was brought accompanied by a redemption bond executed by the Guffeys and Zeta Guffey, his mother, as surety in the penal sum of $2,500. The bond was approved by the circuit judge in that form.

Thereafter, Iris Carter moved the court under § 443.430, RSMo 1969, to require an additional bond because of waste committed by the Guffeys and the lapse of insurance on the premises from failure to pay the premiums. The court ordered the Guffeys and surety to post an additional redemption bond, or in the alternative, to furnish insurance coverage on the premises in favor of the security holder in the face amount of $25,000. This order went without compliance and the beneficiary, Iris Carter, in the same proceedings, moved for judgment on the redemption bond.

The court conducted a hearing on the motion, and in that course, the Guffeys cross-examined witnesses and submitted

their persons to the proceedings and judgment of the court. The security holder gave evidence of waste and injury to the property by the Guffeys and the court adjudicated her $2,500 damages, the full amount of the redemption bond.

The brief on appeal by the Guffeys, spare in form and content, attempts three contentions:

1. The court was without jurisdiction to assess damages on the redemption bond except by a separate suit for that purpose.

2. A necessary party to the proceedings, Zeta Guffey, the surety on the bond, was not joined in the action.

3. The judgment for damages entered was not supported by substantial evidence.

These points are given only cursory support in the arguments of the brief, and then only by legal conclusions without reference to any authority. They are subject to dismissal for violation of Rule 84.04, but we choose to reach those of them which are treated sufficiently for review. *Cady v. Kansas City Southern Ry. Co.,* 512 S.W.2d 882 (Mo.App.1974).

The first point contends that the court was without jurisdiction to enter assessment of damages on the redemption bond except in a separate civil action for that purpose initiated by petition and service of summons in the normal manner described in §§ 506.110–506.120 and Rules 53.01 and 54.-01. Accordingly [the argument proceeds], the motion for damages on the redemption bond brought by the beneficiary was an incident of the earlier proceeding to post a redemption bond under § 443.420, and without benefit to the Guffeys of notice by petition and summons was without legal effect to bind them to the judgment.

The statutes which relate to the redemption of real estate foreclosures [§§ 443.410–443.440] do not establish procedures for assessment of damages in the same proceeding in which the redemption bond is given. Orderly procedure requires a civil action duly instituted, perfected and

adjudicated for that purpose. This much has been decided on virtual identical facts in *Merchants Savings & Loan Ass'n v. Ancona Realty*, 229 Mo.App. 714, 78 S.W.2d 470 (1935); and to this extent the point on appeal is valid. The power of a court to adjudicate a personal judgment, however, does not vest only by a petition and service of process upon the person of the adversary, but also by his voluntary appearance. § 506.110.1(1). This, also, was held in *Ancona* [l.c. 473].

■ There can be no doubt that the pleading to recover damages on the redemption bond, although brought as a motion, advised the court of the cause of action and the adversary of the subject to be defended, and so satisfied every attribute of a formal petition. *Hensley v. Dorr*, 202 S.W.2d 553, 556[2–6] (Mo.App.1947). The law will give effect to the subject matter of a pleading, however imperfect the rubric. *J. R. Watkins Company v. Hubbard*, 343 S.W.2d 189, 195[4] (Mo.App.1961). Nor can there be doubt that the Guffeys submitted themselves to the jurisdiction and judgment of the court by voluntary appearance and active opposition to the merits of the cause against them. *Hays v. Laclede Christy Clay Products Co.*, 245 S.W. 196, 197[3] (Mo.App.1922). The circuit court certainly had jurisdiction to adjudicate the class of the action brought against the Guffeys, and the submission of their persons as well empowered the court to render the judgment that was rendered.

■ The second point contends that Zeta Guffey, as surety, was a necessary party to the action and failure to make that joinder resulted in an invalid judgment. This argument refers to Rule 43.01 for sanction, but does not elaborate how the apparent irrelevancy of that rule bears on the legal position the brief adopts. We will not speculate on the matter nor fashion plausible theories; that is the work of the advocate. The point is overruled.

■ The final contention of the Guffeys asserts that the judgment for the total amount of the redemption bond [$2,500]

was not supported by the evidence. The beneficiary Carter responds that the plain language of § 443.420 requires that, irrespective of the actual damage shown to the premises under redemption, the full security shall be paid over to the purchaser at the foreclosure sale if redemption is not made:

> Said security shall be by bond executed by the person or persons so entitled to redeem with at least one good surety in a sum amply sufficient to cover the aggregate of all said sums exclusive of the principal debt or obligation, but including damages and interest, *to be absolutely paid in event redemption is not made* and the aggregate of all such shall be the measure of damages to be paid in satisfaction of said bond if such redemption is not made. [Emphasis added.]

We do not accept the contentions on these grounds because there was substantial evidence that the Guffeys had damaged and wasted the premises to an extent in excess of the security. The property had clearly been abused and extensive reparation necessary. The carpet was worn threadbare and cost $887 to replace. The interior was filthy and had to be repainted throughout. Numerous broken windows were replaced for $90. The stool in the basement was replaced for $90. A hole had been cut in the dining room floor for a stairway which was never properly installed. That appurtenance was replaced and redone at a cost of $800. Taxes were paid in the amount of $137. Then there was the cost of extensive labor, and $60 for paint which the beneficiary applied herself. The court found that in all Ms. Carter had suffered damage during the redemption period in excess of the $2,500 amount of the penal bond. The judgment is supported by substantial evidence.

The judgment is affirmed.

All concur.