JOHN H. BARRY, APPELLEE, V. FRANK W. ANDERSON, AP-
PELLANT.

FILED MAY 23, 1911.   No. 16,416.

Appeal: COLLATERAL EVIDENCE. The receipt or rejection of collateral
evidence is largely within the discretion of the trial court, and
his rulings in that regard will rarely be disturbed.

APPEAL from the district court for Saunders county:
GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*C. H. Slama,* for appellant.

*Jesse M. Galloway* and *J. H. Barry, contra.*

LETTON, J.

The plaintiff, who is an attorney at law, began this
action against the defendant to recover the sum of $200 for
legal services. The defendant answered substantially that
in 1897 he employed the plaintiff to foreclose certain tax
certificates and procure him a good title to a certain tract
of land; that plaintiff instituted an action for this purpose,
which was prosecuted to final judgment, and afterwards
advised him that the title procured was a good and mer-
chantable title; that he paid plaintiff for the services, and,
relying on this advice, he sold the land; that the title was
afterwards attacked in two certain civil actions, which
were the identical actions for which the plaintiff claims
payment in this suit, and that plaintiff agreed to act for
him in these suits for a nominal charge. He also pleads
payment. The reply is virtually a general denial.

The real controversy is whether or not the plaintiff
agreed to appear and assist in the defense of the two cases
attacking the title for a mere nominal fee, as the defend-
ant testified. The court instructed the jury that, if they
found from the evidence that the parties agreed that the
plaintiff should render his services for a merely nominal

sum, and further believed that the sum of $25, admitted to
be paid by the defendant to plaintiff, was in full payment
for such charge, then they should find for the defendant;
that if, on the other hand, they did not find from the evi-
dence that the contract or agreement was made as claimed
by the defendant, then they should determine from
the evidence what was a reasonable compensation for the
services rendered, and render their verdict for that sum,
not exceeding $200. The jury found for the plaintiff, and
assessed his recovery at the sum of $75.

The principal error assigned is that the court erred in
excluding the original files of the tax foreclosure case be-
gun in 1897, in which the plaintiff acted as defendant's at-
torney. Defendant argues that these exhibits show that
this action was unadvisedly brought, and that the title to
the premises procured thereby was defective; the object
being to corroborate defendant's testimony by giving a rea-
son for plaintiff agreeing to act for a nominal sum. We
think it sufficiently appears from the evidence that the de-
fense of the two actions in which the plaintiff appeared
was necessitated by the inconclusive character of the pro-
ceedings in the original case, but we fail to see how the
defense has in anywise been prejudiced by the exclusion of
these exhibits. The controversy is not as to whether the
plaintiff was morally bound to appear gratuitously in the
latter cases, but it is as to whether or not he did agree to
appear and defend for a mere nominal sum. This was a
question of fact, which depends upon the weight to be
given the testimony. Plaintiff testified that he agreed to
serve for a reasonable fee. The proof on his part estimated
the value of the services to be from $400 to $1,000 for both
cases. Defendant testified that he told plaintiff that, if he
had conducted the first case properly, the trouble would
not have arisen, and that he (defendant) really ought not
to pay anything. "He said he must have a little, and I
says, 'well, it must be mighty little' "—and that plaintiff
then seemed to be satisfied. This dispute is the gist of the
case.

The excluded evidence was collateral. Perhaps it may have a remote bearing upon the issues involved, but we think that it would throw so little light upon them that it was within the discretion of the court as to whether it should be admitted or not. We have repeatedly said: "The receipt or rejection of collateral evidence is largely within the discretion of the trial judge, and his rulings in that regard will rarely be disturbed." *Young v. Kinney*, 85 Neb. 131; *Fitch v. Martin*, 84 Neb. 745; *Peterson v. Andrews*, 88 Neb. 136. This doctrine is settled in this court.

The judgment of the district court is therefore

AFFIRMED.