FRANK M. STRATTON, APPELLANT, v. BANKERS LIFE
   COMPANY: MARY M. ALLEN, INTERVENER, APPELLEE.

FILED NOVEMBER 30, 1918.   No. 20546.

1. Insurance: ASSIGNMENT OF POLICY: PAYMENT OF PREMIUMS. Where
   insured assigns his life insurance as collateral security, the duty
   to keep the collateral in force by payment of the premiums rests
   on him in absence of an agreement to the contrary.

2. Appeal: SECOND APPEAL: LAW OF THE CASE. A question once deter-
   mined in the appellate court will not ordinarily be re-examined
   there on a second appeal in the same case; but there may be an
   exception, where such a determination was outside of the plead-
   ings and proofs and was contrary to law and to the rules of
   equity.

APPEAL from the district court for Saunders county:
EDWARD E. GOOD, JUDGE. *Judgment of reversal on
former appeal and judgment on this appeal reversed,
and original judgment of district court affirmed.*

*Charles H. Slama,* for appellant.

*B. F. Good* and *R. R. Rose, contra.*

PER CURIAM.

This is an action to recover $2,000 and interest on a
policy of life insurance issued by the Bankers Life
Company of Des Moines, March 27, 1885. John B.
Allen was the insured, and his wife, Mary M. Allen,
intervener, was named in the policy as the beneficiary.
They owed a debt of $3,500. Frank M. Stratton be-
came their surety therefor. September 5, 1892, they
assigned the insurance policy to him as collateral for
his suretyship. As surety, Stratton subsequently paid
creditors of insured and wife over $4,000, and they
have never reimbursed him. He is plaintiff herein,
and the insurer is defendant. Insured died December
15, 1912. Mary M. Allen, intervener, pleaded that the

assignment of the insurance policy to plaintiff was void on the ground that it had been procured by the duress of her husband. She prayed for a judgment in her favor on the policy of insurance. The trial court found there had been no duress, sustained the assignment, and rendered judgment in favor of plaintiff for the amount due on the policy, $2,139.33. Intervener appealed to this court. Upon review, the trial court's finding on the issue of duress was sustained, but the judgment in favor of plaintiff was reversed and the cause was remanded, with instructions to the district court to ascertain the amount of premiums paid by insured and intervener after they made their assignment of the policy and to enter judgment therefor in favor of the intervener. Upon further proceedings in the district court, there was a literal compliance with the mandate of the supreme court, resulting in a judgment in favor of intervener for $948.28. Plaintiff has appealed.

On the present and second appeal, plaintiff takes the position that the judgment of this court on the former appeal was contrary to law and that there was no pleading or proof to support it. A re-examination of the record shows that his position is well taken. The judgment originally entered by the district court in favor of plaintiff for the full amount of insurance due under the policy was the only one which could have been properly rendered under the pleadings, the proofs and the law, and should have been affirmed. The reversal by this court for the purpose of allowing intervener to recover the amount of premiums paid after the assignment had been made was an obvious mistake in no wise attributable to plaintiff.

The law is that, where insured assigns his life insurance as collateral security, the duty to keep the collateral in force by payment of the premiums rests on him in absence of a contract to the contrary. *Grant*

*v. Alabama Gold Life Ins. Co.*, 76 Ga. 575; *Bush v. Block,* 193 Mo. App. 704; *Killoran v. Sweet,* 25 N. Y. Supp. 295. In the present case there is no such contract. The assignment by its terms did not relieve the insured from the performance of his duty to pay premiums, nor require the assignee to refund premiums subsequently paid by the insured or the intervener. There is no pleading or proof that plaintiff relieved insured from his duty to pay premiums, or that plaintiff participated in any form of duress to procure the assignment, or that he obligated himself in any way to pay the premiums, or that he agreed to refund premiums if subsequently paid by insured or intervener. There is no rule of equity requiring plaintiff to refund such premiums as a condition of enforcing his rights under the insurance policy assigned to him. It is therefore manifest that the former order of this court, in reversing the original judgment of the district court and in permitting the intervener to recover premiums paid by her and her husband after they assigned the insurance to plaintiff, was outside of the pleadings and proofs and was contrary to law and to the rules of equity.

To sustain the judgment from which the present appeal is taken, however, intervener invokes the doctrine that questions once determined in the appellate court will not ordinarily be re-examined there on a second appeal in the same case. *Coburn v. Watson*, 48 Neb. 257. There are exceptions to this rule. *City of Hastings v. Foxworthy,* 45 Neb. 676. *State v. Farrington,* 86 Neb. 653, recognizes an exception and follows the general rule; but the decision was within the issues raised by the pleadings, and in that respect the case is different from the case at bar, The former decision in the present case, being manifestly outside of the pleadings and proofs, and being contrary to law and to the rules of equity, falls within the exceptions.

The judgment of reversal entered by this court on the former appeal and the judgment presented for review on the present appeal are therefore reversed, and the original judgment of the district court in favor of plaintiff for the amount due on the policy is affirmed, at the costs of intervener.

JUDGMENT ACCORDINGLY.

ALDRICH, J., not sitting.