**FALSTAFF BREWING CORPORATION v. THOMPSON.**

**No. 10781.**

Circuit Court of Appeals, Eighth Circuit.
April 12, 1937.

Rehearing Denied April 28, 1937.

STONE, Circuit Judge, dissenting.

———◆———

E. B. Crofoot, of Omaha, Neb. (I. Ziegler, I. J. Dunn, G. W. Becker, W. C. Fraser, and D. L. Manoli, all of Omaha, Neb., on the brief), for appellant.

G. F. Nye, of Omaha, Neb. (John D. Wear and George B. Boland, both of Omaha, Neb., on the brief), for appellee.

Before STONE, GARDNER, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The Falstaff Brewing Corporation has appealed to reverse a judgment against it for damages for personal injuries sustained by Ray H. Thompson in an automobile accident which occurred on Ames avenue, near Fiftieth street, at Omaha, Neb., about 4:30 to 5 o'clock in the afternoon of March 16, 1935.

It appears that the Falstaff Brewing Corporation had taken over the plant of the Fred Krug Brewing Company at Omaha and was operating it at the time in question to make beer called Luxus beer or Krug Luxus beer. It used six trucks to distribute the beer in Omaha and vicinity, two of which were painted red with panel body design and bore the words "Krug Luxus or Luxus Beer," "The Beer You Like," on the panels in large letters and in three-inch letters on the doors the words "The Fred Krug Brewing Company," and it was the plaintiff's claim that he had been negligently run into and forced off the road by one of these trucks.

He testified on the trial that he was driving in his Graham-Paige automobile slowly and carefully westward on Ames avenue on his own side of the road (the north side), when a truck approached him from the west going east about 35 to 40 miles an hour. It was on its own side of the road (the south side) until it got to sixty or eighty feet from him when it "came right straight across from the south side of the road to the north" and came straight towards him, and in order for him to avoid making a head-on collision he turned his car to the south, but the truck hit on the right-hand (north side) front part of his car, on the bumper or between there and the door. He said he did not know what happened after that, but it appeared that his car ran off the south side of the road, down a declivity, and came into violent collision with a tree. He was wedged in under the dashboard of the car, and he suffered a concussion of the brain and his face was lacerated and his lawer jaw and ribs were fractured. He was not fully conscious and as a result of the concussion he was unconscious for four days. He testified, however, that the truck was not stopped, but went on east, and as it went by he saw the reading on the side of the truck, and it said: "Krug Luxus Beer, The Beer You Like." "It was a red panel-

led truck with the lettering 'Fred Krug Brewery' in block under the window of the cab door."

Mr. E. R. Lane testified on behalf of the plaintiff that he was driving in his car west on Ames, at the time of the accident, some distance behind the plaintiff. He did not see any collision between the plaintiff's car and a truck, but he did see a truck come east on Ames avenue and pass the plaintiff's car, and he then saw the plaintiff's car wobble and run off the south side of the road into the tree. The truck was not stopped but came on east and passed the witness, and the witness testified that the truck was a red panelled truck and bore on its side in yellow or gold lettering the words "Krug Brewery" and "Luxus Beer." On cross-examination he said the wording "Fred Krug" was on the door of the truck.

Mr. John W. Wilcox testified that between 4:30 and 5 o'clock in the afternoon of the accident he saw a red beer truck bearing the name "Krug Luxus" in yellow or gold lettering come north on Fifty-Second street, which is about two blocks west of the scene of the accident, and turn east on Ames avenue. The words on the truck were "Krug Luxus, The Beer You Like," just back of the door on the panel.

The city sales manager for defendant, who had direction of the drivers and city sales, testified that the company's trucks never left the brewery except on the company's business, and the plaintiff's position was that from that testimony and the fact that the identical markings used by the defendant on its trucks appeared on a truck that had hit the plaintiff, a presumption arose that such truck was the company's truck and was being operated in its service.

The company's position was that on the whole evidence there was no preponderance to sustain the plaintiff's claim that any truck had hit him and that there was no preponderance to sustain the claim that any truck bearing the defendant's markings was at the scene.

There was testimony: That other trucks similar to those of the Falstaff Company, but having no connection with that company, were being operated in and out of Omaha from Oakland, sixty miles north, and from Fremont, thirty-eight miles northwest, with signs on their panels reading "Krug Luxus Beer" (but not bearing the words "Fred Krug Brewing Company"); that at the time of the accident all of the

company's trucks were at its plant several miles from the scene, and each of its drivers swore he was not at the scene and had had no accident. There was further testimony that auto tire marks in the snow at the scene of the accident indicated the plaintiff's car had skidded to the north side of Ames avenue before it turned and ran off the road on the south side; that Ames avenue was a glare of ice and the plaintiff was driving without chains; that the plaintiff's car bore no observable marks of any other collision than its collision with the tree, which had completely wrecked it, the motor being torn loose and knocked back underneath the floor boards, the two front horns were clamped around the tree with the front axle bent and close to the tree, the radiator broken, and the two front fenders damaged. It was sold for junk. That the plaintiff had made contradictory claims as to how the accident happened, having pleaded in his original petition that the traffic space on the road was narrowed down to one-way transportation by accumulation of snow on the north side and that he was struck in the narrow passageway. After the testimony was taken, he amended his petition eliminating the "one-way transportation" claim; that he had declared shortly after the accident that he had information that some yellow brewery truck had hit him; that the plaintiff's important witness, Lane, had given contradictory testimony and when interrogated by police and county officers at the time and place of the accident, had declared that he saw a big white truck pass the plaintiff and he did not claim that he had seen any Krug beer truck.

There was, accordingly, very substantial ground for defendant's contention that the plaintiff had no preponderance of evidence to sustain his claim that a truck with defendant's truck markings was at the scene.

Turning to the pleadings upon which the case was tried, the plaintiff's petition merely alleged that defendant had negligently operated its truck so as to cause collision with plaintiff, and contained no statement that the truck which was alleged to have struck the plaintiff bore the defendant's markings. The pleadings presented only the ultimate issues. But the immediate issue upon which the dispute before the jury centered was whether a truck bearing exactly the same markings as the defendant's truck markings had so struck the plaintiff.

The trial court explained to the jury the issues made by the pleadings and told the jury that the burden of proof was upon the plaintiff upon such issues. But appellant complains of the instructions relating to the particular issue actually controverted before the jury, the issue whether a truck bearing defendant's markings was on the scene and struck the plaintiff. Inasmuch as that was the particular thing the plaintiff claimed and undertook to prove and that was what the defendant was disputing before the jury, defendant contends the jury should have been plainly and clearly instructed that no presumption of defendant's ownership or operation of an offending truck could arise or be indulged by the jury until after plaintiff had sustained the burden of proof the law imposed upon him to establish by preponderance of the evidence that there was such a truck at the scene which bore defendant's identical markings.

The court instructed, among other things: "It further appears from the evidence that the trucks of the defendant were never absent from the place of business of the defendant except on company business and under instructions of the authorized employe or employes of the defendant. And it also appears from the evidence that the defendant engaged in the sale and distribution of its products in all parts of the city on that date and for that purpose employed a number of truck operators. It appears from certain testimony of some witnesses for the plaintiff that the truck that came into collision with the plaintiff was a red panel truck with the words, 'Krug Luxus, The Beer You Like' painted on the body of said truck and that upon the door thereof was painted the words, 'Fred Krug Brewing Company'. You are instructed therefore that under this evidence a presumption arises that the truck involved in said collision was the property of the defendant and being used at the time and place of said accident in the furtherance of the business of the defendant by an employe of the defendant. You are further instructed that the defendant in its answer has denied that any of its trucks were involved in the collision referred to in plaintiff's petition or that any of its agents or servants caused the collision and resultant damage to the plaintiff, and the defendant introduces evidence in support of its contention."

It will be noted on reading the foregoing excerpt from the instructions that in the

first two sentences the court, by using the words "it appears," gave the jury to understand that it was obvious or manifest (1) that defendant's trucks were never away from the plant except on company business, and (2) that defendant was operating trucks in its business in all parts of the city. But in the next sentence the court continued to use the same expression, "it appears," and went on to say: "It appears from certain testimony of some witnesses for the plaintiff that the truck that came into collision with the plaintiff was a red panel truck with the words 'Krug Luxus, The Beer You Like' painted on the body of said truck and that upon the door thereof was painted the words 'Fred Krug Brewing Company.'" And then: "You are instructed therefore that under this evidence a presumption arises that the truck involved in said collision was the property of the defendant and being used at the time and place of said accident in furtherance of the business of the defendant by an employe of the defendant."

It is clear that the judge misspoke when, continuing after his first two sentences stating established facts which he said "appeared," he used the same expression "it appears" and said "it appears * * * that the truck that came into collision with the plaintiff" was marked with defendant's truck markings. The word "appear" means "be obvious or manifest." Such was its meaning in the first two sentences and a listener might well think it had the same meaning in the third sentence.

The mistake was accentuated by the instruction in the fourth sentence to the effect that a presumption arose under "this evidence" (that is, the same evidence recited in the first three sentences from which *"it appeared"* that the colliding truck was marked with defendant's markings) "that the truck involved in said collision was the property of the defendant and being used at the time and place of said accident in the furtherance of the business of the defendant by an employe of defendant."

The court doubtless meant to say that the plaintiff had adduced testimony which, if believed by the jury, tended to establish that plaintiff had been struck by a truck bearing defendant's truck markings, and if some such expression had been used he would doubtless have observed that the matter was in dispute and that the jury could indulge the presumption of defendant's connection with the accident only after plaintiff had proved by a preponderance of all of the evidence that there was a guilty truck which bore the defendant's identical markings. But as the charge went to the jury it was an incorrect statement and misleading as to the real issue that was the very core of the dispute.

The defendant's counsel called the court's attention to the mistake that had been made in the instructions, as follows: "Mr. Dunn: Defendant excepts to that portion of the charge of the court wherein, as I understood it, the court instructed the jury that there was testimony offered by the plaintiff that at the time and place of the accident there was a red truck, or red panelled truck, having on the side thereof the words, 'Krug Luxus, The Beer You Like,' and also 'Fred Krug Brewing Company,' and that that testimony created a presumption that there was a truck of that character there at that time and place used and operated or under the control of some employe or representative of the defendant and used in the defendant's business. Defendant objects for the reason that that is an incorrect statement of the law unless there is added to it the statement that if the jury believe the testimony and believe that there was a truck of the character described there, then and in that case it may create such a presumption." Thereafter, the court ruled: "In connection with Mr. Dunn's exceptions it is the opinion of the court that the court clearly stated the law and it will stand as stated by the court." Appropriate assignment of error and argument have preserved the point for our decision.

■■ The instructions have been studied to ascertain whether it can be said that, taking them as a whole, the mistake was corrected and that the jury was, notwithstanding the mistake, clearly given to understand that there was a dispute between the parties whether a truck with defendant's markings was at the scene at the time of plaintiff's accident; that there was substantial evidence on both sides of that dispute; and that the burden of proof was on plaintiff to establish the fact by a fair preponderance of all the testimony. There is no language to be found in the instructions which so informed the jury distinctly and unequivocally. At one place in the instructions the court said that the presumption concerning the defendant's ownership of the truck would arise "if you find by a preponderance of the evidence" that a truck bearing defendant's markings struck the plaintiff. That part of such instruction was

correct as far as stated, but it was not sufficient to cure the mistake that had been made or supply the clear and complete definition of the issue and the burden of proof to which the defendant was entitled.

The conclusion is, therefore, inescapable that the erroneous statements above excerpted and commented upon present prejudicial error which was duly excepted to by defendant at the time, and there must be a new trial.

It is noted that in the course of the instructions to the jury the court gave the following: "You are instructed that if you find by a preponderance of the evidence that an automobile truck bearing the name, 'Fred Krug Brewing Company', and the words, 'Krug Luxus, The Beer You Like', painted on the panel sides of said truck, collided with the automobile in which the plaintiff was riding at the time and place of the accident, as alleged in plaintiff's petition, then from these facts there arises a presumption that the truck involved in the accident was owned by the defendant in this case, and that at the time and place of the accident it was being operated by an employe of the defendant in furtherance of the defendant's business, and this presumption prevails until same is rebutted by uncontradictory proof to the contrary. By this it is meant that the presumption continues throughout the course of the trial and prevails unless and until it is established by the defendant by a preponderance of the evidence that the truck was not owned by the defendant or was not operated in the furtherance of its business at the time of the accident."

As the case must be retried, we observe in regard to this instruction that it correctly stated the law applicable to the facts in the case down to and including the words, "in furtherance of the defendant's business," but the statements following were not appropriate and were erroneous. The first of these statements was, "this presumption prevails until same is rebutted by uncontradictory proof to the contrary." Such is not the character of the presumption which the jury may indulge. On the contrary, although it is a fair inference that a defendant owns a truck which bears his markings and that inference has so long been borne out and justified by experience that a presumption of such ownership arises from presence of the markings, the presumption can only prevail with the jury until the defendant has offered some credible evidence upon the fact of the ownership of the truck. When that has been done the law to be stated to the jury is that the burden of proving that defendant operated a truck which struck the plaintiff is upon the plaintiff and he must sustain that burden by a fair preponderance of all the evidence upon the issue. Wiget v. Becker (C.C.A. 8) 84 F.(2d) 706; Columbian National Life Insurance Co. v. Comfort (C.C.A.8) 84 F.(2d) 291; Hartford-Empire Co. v. Obear-Nester Glass Co. (C.C.A.) 71 F.(2d) 539, 560; Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229.

The erroneous declaration made by the court may have been taken from expressions used by this court in Silent Automatic Sales Corporation v. Stayton (C.C.A.8) 45 F.(2d) 471, loc. cit. 473, at the bottom of second column. In that case a truck which admittedly was driven by defendant's employee and bore the name and address of defendant and insignia suggestive of its business collided with a car in which plaintiff was riding, and it was contended by defendant in support of a demurrer to the evidence that there was "no showing * * * that the driver of the truck was engaged * * * within the scope of his employment." This court held that the demurrer was rightly overruled. It recognized the presumption that arises upon the facts stated and held that the court could take such a case away from the jury "if at all, only when [the presumption was] rebutted by uncontradicted proofs." It could only take such a case away from the jury if the facts brought the case within "the well known principle that the evidence in a given case is so clear that reasonable men cannot differ as to the verdict which ought to be rendered." The expressions used by this court on considering the matter of the court taking the case from the jury were appropriate but could have no application in instructions to guide the deliberations of the jury.

The second statement, "The presumption continues throughout the course of the trial and prevails unless and until it is established by the defendant by a preponderance of the evidence that the truck was not owned by the defendant or was not operated in the furtherance of its business at the time of the accident," was also erroneous. The burden was on the plaintiff in this case to prove his essential claims by preponderance of the evidence, and it was not incumbent on defendant to establish any

fact before the jury by a preponderance of the evidence relating to the fact.

Reversed and remanded for new trial.

STONE, Circuit Judge (dissenting).

The main objection of appellant to the charge is the language in the final sentence of the last quotation made from the charge in the majority opinion reading as follows: "By this it is meant that the presumption continues throughout the course of the trial and prevails unless and until it, is established by the defendant by a preponderance of the evidence that the truck was not owned by the defendant or was not operated in the furtherance of its business at the time of the accident." This objection was strongly urged by oral argument and twelve pages of the brief are devoted thereto. This assignment is not one of the errors upon which the majority reverses the case. I assume this is so because no objection in the trial court to this part of the charge is based upon the grounds urged here against it. Nor is this failure remedied by the request to charge which, in the form asked, was properly denied.

The part of the charge held in the majority opinion to be fatally defective is very shortly discussed in the brief.[1] A comparison of the contention in the brief (see footnote 1) with the majority opinion apparently reveals that this court has discovered a ground for destroying the charge which did not occur to counsel for appellant. However that may be, I cannot see that this part of the charge is either incorrect in the respect found by the majority opinion or, if incorrect, is prejudicial. As I understand the opinion, this part of the charge is deemed improper because, from the uses of the term "appear" therein, it is thought the jury would be misled into thinking the issue of the presence of a truck, bearing certain

---

[1] The entire statement in the brief is as follows:

"Before we bring this brief to a close, one more point must be noted. In its charge to the jury, the lower Court instructed that 'It appears from certain testimony, of some witnesses for the plaintiff that the truck that came into collision with the plaintiff was a red panel truck with the words "Krug Luxus, The Beer You Like" painted on the body of said truck and that upon the door thereof was painted the words "Fred Krug Brewing Company." You are instructed therefore that under this evidence a presumption arises. * * *' (R., p. 150) The defendant objected to this charge at the close of the trial on the grounds that it was an incorrect statement of the law and that there should have been added to it the qualification that 'if the jury believed the testimony and believed that there was a truck of the character described therein, then, in that case, it may create such a presumption.' (R., p. 157.)

"Rejecting the objection made by defendant's counsel, the court stated: 'And in connection with Mr. Dunn's exceptions it is the opinion of the court that the court clearly stated the law and it will stand as stated by the court.' (R., p. 158) It is elementary that the jury must believe the testimony to be true before it may base any conclusions on it.

"We may concede that in other portions of the charge the Court qualified its statements with the condition that the jury believe the testimony. The presumption, however, is that error results in prejudice although the charge may also include the correct rule.

"In Armour & Co. v. Russell (C.C.A.) 144 F. 614, 615, 6 L.R.A.(N.S.) 602, Judge Sanborn of this circuit, held:

" 'It is true that in some parts of the charge the court stated the true rule upon this subject to the jury. The presumption, however, is that error produces prejudice. It is only when the fact so clearly appears as to be beyond doubt that an error challenged did not prejudice, and could not have prejudiced the complaining party, that the rule that error without prejudice is no ground for reversal is applicable.' (Citing numerous cases.)

" 'And the vice of a wrong rule in a charge of the court is not extracted by the fact that the right rule was also given therein, because it is impossible to tell by which rule the jury was governed.' (Citing cases)

"It is true, that section 269 of the Judicial Code, as amended (U.S.C.A., title 28, § 391), provides that on appeal the Court shall not give weight to technical errors or exceptions which do not affect the substantial rights of the parties, but as the Supreme Court of the United States in a recent case, McCandless v. United States, 298 U.S. 342, 56 S.Ct. 764, 766, 80 L.Ed. 1205, has said:

" 'This * * * does not change the well-settled rule that an erroneous ruling which relates to the substantial rights of a party, is ground for reversal unless it affirmatively appears from the whole record that it was not prejudicial.' " .

legends (such as were on two of appellant's trucks), at the place of accident was not in dispute—that is, that the presence of such a truck did not have to be shown by plaintiff by a preponderance of evidence before the presumption of ownership and operation was applicable.

From start to finish of this litigation in the trial court, the main defense was that no truck of appellant was at the scene of the accident. The charge bristled with references to this issue. While I find difficulty in thinking that the jury could have misunderstood the language criticized in the majority opinion, such thought is further removed by the repeated statements in the charge that the presence of such truck must be shown and by a preponderance of the credible evidence. Even if the criticized language, standing alone, might be misunderstood to the prejudice of the appellant, yet such misunderstanding and prejudice seem to me to disappear when all parts of the charge are considered because the charge repeatedly required such proof by appellee. Whether I am right or wrong in these conclusions must appear from those portions of the charge which in any way bear upon this matter. All of such parts are as follows:

"Now then, Gentlemen of the Jury, the case is one based on negligence, damages claimed, damages for negligence. The plaintiff claims that on the 16th day of March, 1935, some time in the late afternoon out here on Ames Avenue—about where 50th Street intersects it—while he was driving west on the north side of the road, a truck owned or operated by the defendant, Falstaff Brewing Corporation, was approaching at a high and dangerous rate of speed from the west going east; that when it came near where he was, while he was riding along at a safe and careful rate, the truck was driven across the street over onto the north side and collided with him, causing him to lose control of the car and, as a result, it was driven or knocked off the pavement against a tree; and that he suffered injury and damages by reason thereof. Now to that petition or to that claim, as set out in his petition in the case, the defendant has filed an answer. The issue we are to try is made up on the matter charged in the petition of plaintiff, the answer filed by the defendant, and the reply of the plaintiff. to the answer. I haven't seen your last amended answer, Mr. Dunn. Have you changed the general defense of a denial?

"Mr. Dunn: No, the only thing the answer as to the amendment admits that his car did go off the road and denies each and every other allegation and specifically denies that any truck of the brewery was there.

"The Court (Continuing): The answer as interposed by the defendant to the claim of the plaintiff is that they deny that they owned or operated a truck that was being operated on Ames Avenue at that time. They deny, in effect, that their truck or any of their trucks was involved in the collision and the accident. They allege further as another defense that while they know nothing about the accident or the injury or the cause thereof; but if there was an accident and the plaintiff sustained injury as a result of the accident, the accident was due to his own carelessness and negligence and not to any fault of any kind of theirs. So that constitutes the defense and to that the reply is a denial of the affirmative matter set up in the answer, and a denial that plaintiff was guilty of any contributory negligence in the case. Now the fact is that there are other matters set up of course in the petition and answer that we need not consider, matters that are admitted in the answer and matters alleged in the petition and admitted in the answer are accepted as the fact, and no further proof is required; or, if a matter is alleged in the answer and it is admitted in the reply, no further proof on that matter is required. So that in this case we are not concerned with the question of the status of the Falstaff Brewing Company—it was a brewing company and operating a brewery here in Omaha, of which we speak about. It did have truck drivers engaged in the distribution of their product. There isn't any dispute of the proposition that they did have at least two panel trucks, one a G. M. C. and the other a Chevrolet. These trucks were painted red and that they had printed on the panel, 'Luxus, The Beer You Like,' or 'Krug Luxus, The Beer You Like,' or something like that, and on the door the name, 'Fred Krug Brewing Company.'

"The first question that you are confronted with in your deliberation is to consider all the evidence under these instructions that I am now [giving] you and, first, determine whether or not the Fred Krug Brewing Company's truck, one of these trucks owned and operated by the defendant was out there that afternoon and involved in the accident. If this accident oc-

curred and it wasn't the defendant's truck that was involved, why then your verdict must be for the defendant and you needn't deliberate any further. If the defendant was not responsible for the accident and not out there and didn't have his agent or servant driving the truck, why, of course, there would be no liability.

"On the other hand, if from your consideration of the evidence you conclude from a preponderance thereof and under these instructions that the truck that was involved in the accident, if there was one involved, was the truck of the defendant and that it was being operated at the time by the employe or servant of the defendant in the business of the defendant, then you have to deal next with the question of whether or not there was negligence in the case.

"Now on the first proposition, you are instructed that the plaintiff's cause of action is based on the claim that he suffered damages as a result of the negligent operation of a motor truck being driven at the time and place of the accident by an employe of the defendant corporation in the conduct of its business. In this connection, you are instructed that the evidence in this case shows that on the day of the accident defendant had in its possession and under its direction and control two motor trucks painted red with panel body design and with the words painted on the side of said trucks, 'Krug' and 'Luxus' and the words, 'The Beer You Like', and that upon the door of the cab was painted the words, 'Fred Krug Brewing Company.' The 'Fred Krug Brewing Company' was the name of the brewery operated by the defendant on the day in question and the name 'Luxus' was the brand of beer sold and distributed by the defendant on that day.

"It further appears from the evidence that the trucks of the defendant were never absent from the place of business of the defendant except on company business and under instructions of the authorized employe or employes of the defendant. And it also appears from the evidence that the defendant engaged in the sale and distribution of its products in all parts of the city on that date and for that purpose employed a number of truck operators. It appears from certain testimony of some witnesses for the plaintiff that the truck that came into collision with the plaintiff was a red panel truck with the words, 'Krug Luxus, The Beer You Like' painted on the body of said truck and that upon the door there-

of was painted the words, 'Fred Krug Brewing Company.' You are instructed therefore that under this evidence a presumption arises that the truck involved in said collision was the property of the defendant and being used at the time and place of said accident in the furtherance of the business of the defendant by an employe of the defendant. You are further instructed that the defendant in its answer has denied that any of its trucks were involved in the collision referred to in plaintiff's petition or that any of its agents or servants caused the collision and resultant damage to the plaintiff, and the defendant introduces evidence in support of its contention. Before the plaintiff therefore would be entitled to recover against the defendant he must establish by a preponderance of the evidence:

"1. That a truck of the defendant was proceeding east on Ames Avenue at the time the accident occurred;

"2. That the truck was negligently operated and came in contact with the automobile of the plaintiff while the plaintiff was operating his automobile with due and proper care, and that the negligent operation of the truck was the proximate cause of the accident;

"3. That the truck in question, if you find by a preponderance of the evidence that there was such a truck, was owned or leased by the defendant, and used at the time of the accident in the conduct of the defendant's business;

"4. That the person in charge of the truck was defendant's servant;

"5. That at the time of the accident, said employe was acting for his employer in the [court] of employment with the defendant's knowledge and direction; and

"6. The nature and extent of plaintiff's damage.

"If you fail to find from a preponderance of the evidence any of the foregoing propositions, your verdict should be for the defendant.

"You are instructed that if you find by a preponderance of the evidence that an automobile truck bearing the name, 'Fred Krug Brewing Company,' and the words, 'Krug Luxus, The Beer You Like' painted on the panel sides of said truck, collided with the automobile in which the plaintiff was riding at the time and place of the accident, as alleged in plaintiff's petition, then from these facts there arises a presumption that the truck involved in the accident was

owned by the defendant in this case, and that at the time and place of the accident it was being operated by an employee of the defendant in the furtherance of the defendant's business, and this presumption prevails until same is rebutted by uncontradictory proof to the contrary. By this it is meant that the presumption continues throughout the course of the trial and prevails unless and until it is established by the defendant by a preponderance of the evidence that the truck was not owned by the defendant or was not operated in the furtherance of its business at the time of the accident. * * *

"Now, if after you have deliberated if you so find, as I have stated, that the truck was the truck of the defendant; that it was the truck involved in the accident; that the driver thereof was the employee and servant of the defendant and engaged in his business at the time, and if you shall find from the evidence that the driver of the truck, and consequently the defendant, was negligent in one or more of the charges made in the petition. * * *

"Now we have been talking about preponderance of the evidence which is required. By this term is simply meant by evidence whether produced by the plaintiff or the defendant or both which in your mind outweighs the evidence to the contrary upon any issue of fact. It might be because of the larger number of witnesses or it may be because you think the testimony of even one witness many times outweighs the testimony of other witnesses opposed to him, or if the testimony as to any particular fact or any portion of the evidence outweighs the testimony against is as to that evidence or other portions of the evidence whatever it is. Whenever you can say on any question of fact in your mind the evidence in favor of the proposition outweighs the evidence opposing that proposition, there is the preponderance of evidence. * * *

"Now, Gentlemen of the Jury, I haven't pretended to refer or cite or quote any of the testimony of any of the witnesses in the case. I haven't undertaken to comment on the evidence and I have no purpose of doing so now. Any reference that I made was for the purpose of calling it to your attention in connection with the law as stated to you by me. You are the judges of the evidence. Any comment that I might make or any inference you might draw from anything that I have said would not be binding on you at all. It is your responsibility to pass upon this evidence. It is your duty as officers of this court. It is my duty to preside and instruct you as I am now doing in the conduct of the case. In the case our responsibility and our duties are separate. It is your responsibility to determine the facts in this case under the evidence and these instructions.

"You are the sole judges of the facts and of the evidence. You are to be guided entirely by your recollection of the evidence. You are to be the sole judges of what it was, what its weight or importance is, and what value you will attach to it."