## FALSTAFF BREWING CORPORATION v. THOMPSON.*

No. 11267.

Circuit Court of Appeals, Eighth Circuit.

Feb. 2, 1939.

*Rehearing denied March 6, 1939.

302

I. J. Dunn, of Omaha, Neb. (I. Ziegler, W. C. Fraser, G. W. Becker, E. B. Crofoot, and D. L. Manoli, all of Omaha, Neb., on the brief), for appellant.

George B. Boland, of Omaha, Neb. (John D. Wear and G. F. Nye, both of Omaha, Neb., on the brief), for appellee.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an action for damages brought by appellee as plaintiff below against appellant for personal injuries sustained by him in an automobile accident in Omaha, Nebraska. We shall refer to the parties as they appeared below. This is the second appeal. On the prior appeal, we reversed because of error in the instructions given the jury. Falstaff Brewing Corp. v. Thompson, 8 Cir., 89 F.2d 557.

Plaintiff alleged that on the afternoon of March 16, 1935, he was driving his automobile west on Ames Avenue, at about Fiftieth Street, in Omaha, Nebraska, going on the north side of said avenue in a westerly direction; that while so traveling, defendant's truck was being driven east on the south side of Ames Avenue down an incline; that suddenly the truck was driven from the south side of the street over to the north side and collided with plaintiff's automobile, forcing it off the highway and down a steep embankment; that defendant was negligent in (1) operating the truck at a speed of about fifty miles an hour; (2) failing to give plaintiff the right of way; (3) failing to accord plaintiff an equal portion of the highway; (4) failing to bring said truck to a stop, or change the course of same, so as to avoid colliding with plaintiff's automobile.

Defendant answered, denying that any truck owned by it or operated by it was involved in the accident, and alleging that if the accident occurred, it was caused by the negligence of the plaintiff.

At the close of all the evidence, defendant moved for a directed verdict, which motion the court denied, submitting the case to the jury on instructions, to certain of which defendant saved exceptions. The jury returned a verdict in favor of the plaintiff on all the issues, assessing his damages at $12,000, and from the judgment

entered thereon defendant prosecutes this appeal.

The defendant contends that the court committed three classes of error: 1, in denying its motion for a directed verdict; 2, in the giving of certain instructions and in refusing certain instructions requested by defendant; 3, in certain of its rulings as to the admissibility of evidence.

There is no serious contention that the evidence as to negligence in the operation of the truck which collided with plaintiff's automobile was insufficient, but it is strenuously urged that the evidence did not establish that the offending truck (1) was owned by defendant, (2) that the person in charge was defendant's employee, and (3) that at the time of the accident the driver of the truck was acting for the defendant. Myers v. McMaken, 133 Neb. 524, 276 N.W. 167; Bainter v. Appel, 124 Neb. 40, 245 N.W. 16; Ebers v. Whitmore, 122 Neb. 653, 241 N.W. 126; Dirks v. Ensign Omnibus & Transfer Co., 107 Neb. 556, 186 N.W. 525; Weber v. Thompson-Belden & Co., 105 Neb. 606, 181 N.W. 649; Mackechnie v. Lyders, 134 Neb. 682, 279 N.W. 328.

In considering the question of the sufficiency of the evidence, we examine it only for the purpose of determining whether or not there was substantial evidence to sustain the verdict. Pryor v. Stawn, 8 Cir., 73 F.2d 595; Chicago, B. & Q. R. Co. v Kelley, 8 Cir., 74 F.2d 80; Columbian Nat. Life Ins. Co. v. Comfort, 8 Cir., 84 F.2d 291; Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492. In considering it for that purpose, the testimony in favor of plaintiff must be accepted as true, and he is entitled to such reasonable favorable inferences as may be fairly drawn therefrom. Where, so considered, the evidence is such that reasonable men may reach different conclusions, the motion should be denied. Illinois Power & Light Corp. v. Hurley, 8 Cir., 49 F.2d 681; Philadelphia Storage Battery Co. v. Kelley-How-Thomson Co., 8 Cir., 64 F.2d 834.

So considered, the jury might have found on these contested questions that a truck of the kind operated by defendant and bearing its peculiar and individual markings—"Krug Luxus" in gold letters on the body, and under it, in smaller letters, "The Beer You Like," and on the front door, "Fred Krug Brewery Company"—was being driven on Ames Avenue in Omaha,

Nebraska, in the vicinity of the accident at the time the accident occurred; that no truck of the defendant was authorized to leave the brewery except on business of the company; that the only time drivers of the defendant were authorized to go out was on orders from the shipping clerk, and, so far as known by the defendant, was the only time they went out; that the accident happened during business hours, between 4:30 and 5:30 p. m., and there was no evidence that the truck was being driven on a purely personal errand of any of the defendant's drivers; that trucks so marked made deliveries to the Cole Creek Tavern, and then frequently went north through Benson Park to Ames Avenue; that at 5 p. m. on the day of the accident, Collins, one of the defendant's drivers, left for the Cole Creek Tavern, which is seven or eight miles from defendant's brewery, and made delivery there at about 5:20 p. m.; that defendant employed six drivers; that two of these ceased work before 4 p. m. on March 16, 1935, and two others of them made their deliveries on that day south of Dodge Street; that the company's instructions were that the trucks were to be used only for beer deliveries and if any of the drivers ever had a truck away from the plant for any purpose other than for delivering beer, it was without the sales manager's knowledge and without the authority or consent of the defendant; that driver Collins was driving a red panel truck, such as was described in the testimony, the day of the accident; that the truck colliding with plaintiff's automobile had printed on it the words "Krug Luxus," "The Beer You Like," "Fred Krug Brewery Company," as described in the testimony; that such trucks were operated only by defendant's servants, and that when so operated they were used by defendant's servants in defendant's business.

It is said that the printing on this truck gave rise to a presumption of ownership, and that, we think, is undoubtedly true. But aside from that presumption, there was evidence that trucks so marked were the property of defendant and that when away from the plant of defendant, they were in charge of defendant's employees and employed in defendant's business.

It is the contention of defendant that although the name on the truck may have given rise to a presumption of ownership and of operation by its servants within the scope of their employment, yet the presump-

tion in this case vanished as a matter of law because of convincing and uncontradicted evidence to the contrary. Silent Automatic Sales Corp. v. Stayton, 8 Cir., 45 F.2d 471; Ebers v. Whitmore, supra. If proof of ownership and operation within the scope of defendant's business were dependent wholly upon presumption, which we think it was not, still it can not be said that such presumption was overcome by convincing and uncontradicted evidence to the contrary. Evidence that the driver was not in the employ of the one whose name appeared upon the truck, if such evidence were uncontradicted and undisputable, would dispel the presumption of ownership. Bainter v. Appel, supra; Ebers v. Whitmore, supra. But there is no such convincing uncontradicted testimony in this case. To be sure, each of defendant's drivers denied that he was driving the truck, and there was testimony that none of defendant's trucks were in this part of the city at the time of the accident. But the jury was not required to believe this testimony, especially in view of testimony definitely identifying the accused truck as that bearing the names identifying it as defendant's, and the further evidence that at about the time of the accident one of these trucks, in charge of the driver Collins, had in fact made a delivery of beer at Cole Creek Tavern. If the plaintiff's case rested wholly upon presumption, it could not be said that it was overcome, and hence, vanished from the case by reason of convincing and uncontradicted evidence. It is only when uncontradicted proof clearly and distinctly establishes a fact so that reasonable minds can draw but one inference, that the presumption disappears or is destroyed. We can not say that the testimony and the attending circumstances shown by the evidence in this case pointed with compelling certainty to the inference that the accused truck was not the property of the defendant, or that it was not being operated by its employee in its business. The evidence produced to rebut the presumption or to dispel the inference was not uncontradicted nor convincing. Department of Water and Power v. Anderson, 9 Cir., 95 F.2d 577. In such circumstances, the verdict of the jury is conclusive on appeal.

■ It is argued that the physical facts are inconsistent with plaintiff's claim as to the collision. According to the testimony of plaintiff and his witness Lane, plaintiff's car was in the vicinity of an ice cream shack located on the north side of Ames Avenue, and plaintiff was on the north side of that street. With the exception of a small drift of snow in front of the shack, which did not impede travel, the avenue was clear and the pavement a glare of ice. The inconsistency claimed is that the truck, traveling at a speed of from 35 to 45 miles per hour, hurtled over the pavement which was coated with ice, suddenly swerving to the north, struck the right side of plaintiff's car and went around it without getting off the pavement, and then turned to the south side of the road and proceeded east. From that point, plaintiff's car zig-zagged back and forth across the avenue, finally going off the road 243 feet west of the ice cream shack. In this distance of 243 feet, there is a rise in elevation of six feet. Defendant argues that had the accident happened as thus described, plaintiff's car, when struck by a heavy truck going at a fast rate of speed, would have been hurled off the road at the very point of impact, and the truck would not have remained on the road. Just how a car should perform when struck by a truck on an icy pavement is not, we think, a matter of such certainty as to call for the application of the rule that testimony inconsistent with physical facts can not be considered credible. Plaintiff says that the truck hit his car "on the right front fender between the door and the wheels." It was not, therefore, a head-on collision. The behavior of the truck and the car under the circumstances here disclosed, would depend upon many factors, such as the angle of impact, the part of the truck which struck the car, the relative weights of the two vehicles, the condition of the pavement, the extent or character of the injury inflicted by the contact, the skill with which the vehicles were handled after contact, and possibly other facts. The court can not say that these two vehicles should have reacted to the impact otherwise than the testimony of these witness indicates. In these circumstances, we think the credibility of the witnesses was for the jury. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434.

■ At the second trial, there was evidence that the defendant conducted tests to determine whether it was physically possible to read on a truck allegedly traveling at 45 miles an hour, the words "Fred Krug Brewery Company." We have examined this testimony, but think it was not such that the jury must necessarily have accepted it. The two vehicles, passing in opposite directions at the time of the test, moved in straight line. The vehicles at the time of

the accident, were not at all times moving in a straight line. There was uncertainty in the evidence as to the size of the letters used in the test, and there was no side movement of the car. The speed of the truck at the time of the accident is also a matter of estimate. In view of the verdict of the jury, we can not say that the testimony of the witnesses who said they could read the signs on the truck on the day of the accident was incredible or unworthy of belief.

 It is also argued that the fact that the red panel truck bore defendant's name is used as the basis of three presumptions: first, that ownership of defendant is presumed, second, that it was driven by an employee of defendant, and third, that he was then engaged in the business of defendant; and hence, that there was a pyramiding of presumptions, contrary to the rule to the effect that one presumption can not be based upon another presumption. It is, however, permissible to draw several conclusions or presumptions of fact from the same state of facts or circumstances. But however that may be, there is evidence that the truck could not have been operated at the time except by a driver of defendant on defendant's business. We have already referred to this testimony. It is perfectly proper that a series of facts and circumstances be used as the basis for ultimate findings or inferences. We conclude that the court properly denied defendant's motion for a directed verdict.

 The court instructed the jury with reference to the painted words on the truck which collided with plaintiff's automobile, and in the instructions the court told the jury that if they believed and found by a fair preponderance of the evidence that there was a truck of the character described, which came into collision with plaintiff's automobile, then there arose a presumption that such truck was owned by defendant at the time and place of the accident, and that it was being operated by an employee of defendant in furtherance of defendant's business. Briefly stated, defendant's objection to this instruction was to the effect that it had introduced substantial evidence that none of its trucks or employees in the performance of its business could in any way have been responsible for the collision, and hence, the presumption went out of the case. We have already considered this contention in connection with defendant's motion for a directed verdict. The

objection is based upon the unwarranted assumption as to the conclusive effect of defendant's testimony. The court instructed the jury that the burden of proof was upon plaintiff to show that the defendant operated the truck which struck plaintiff's automobile, and that plaintiff must sustain that burden by a fair preponderance of all the evidence upon the issue. The court also instructed the jury that it was incumbent upon plaintiff to establish by a preponderance of the evidence the following propositions:

"1. That a truck of the defendant corporation was proceeding east on Ames Avenue in such a manner as to collide with plaintiff.

"2. That said truck, if you find from a preponderance of the evidence that there was such a truck, was owned by the defendant or used by it in the conduct of defendant's business.

"3. That the driver of the truck was the defendant's servant acting within the scope of his employment for the defendant.

"4. That it was the negligence of the operator of said truck in one or more of the particulars set forth in the plaintiff's amended petition which proximately caused the collision."

The court submitted the controlling issues to the jury for determination on all of the evidence. In Sorensen v. Selden-Breck Const. Co., 98 Neb. 689, 154 N.W. 222, the trial court had instructed the jury that there was a presumption, in the absence of evidence to the contrary, that a deceased exercised due care and caution for his own safety, and in considering the question of his negligence, the plaintiff, his administrator, should have the benefit of the presumption until it was overcome by a preponderance of the evidence. The Supreme Court of Nebraska held that the jury should not have been so instructed, but as the court had instructed the jury that due care was to be determined by a preponderance of the evidence, the error was not prejudicial. True, a presumption of fact is not evidence and may not be given weight as evidence, and an instruction that the presumption is to be considered as evidence is reversible error. New York Life Ins. Co. v. Gamer, 303 U.S. 161, 58 S.Ct. 500, 82 L.Ed. 726, 114 A.L.R. 1218. But the error consists in instructing the jury to consider the presumption itself as evidence to be removed by a preponderance of evidence

by the other party. Here, the lower court instructed the jury that from the facts certain presumptions followed, but it left to the jury to decide whether or not on all the evidence plaintiff had sustained the burden of proof on the issue. The Nebraska rule appears to be that ownership of a motor vehicle places the burden upon the owner to show that the driver of the vehicle was not his agent, nor in his employ. Finegold v. Union Outfitting Co., 110 Neb. 202, 193 N.W. 331.

Under the facts in this case, the question was whether this presumption created by local law was destroyed. We think the evidence was not of such a conclusive character as to destroy the presumption. The court did not tell the jury to give the presumption weight or effect as evidence. We think too, the instructions excepted to were in accordance with the law announced by this court on the former appeal, and hence, the doctrine of "the law of the case" is applicable. Thompson v. Maxwell Land-Grant & Ry. Co., 168 U.S. 451, 18 S.Ct. 121, 42 L.Ed. 539; Rogers v. Chicago, R. I. & P. R. Co., 8 Cir., 39 F.2d 601; Stratton v. Bankers' Life Co., 102 Neb. 755, 169 N.W. 722, 1 A.L.R. 1671; In re Shierman's Estate, 132 Neb. 45, 270 N.W. 841. The court might have informed the jury that the presumption was not evidence, nor to be considered as evidence, and that it was their duty to determine on all the evidence whether defendant's motor vehicle operated by an employee in the performance of his duties, caused the collision. But no such instruction was requested by defendant. Failure to particularize in an instruction is not error where the party has not requested amplification or specification in his requested instructions. Illinois Central R. Co. v. Skaggs, 240 U.S. 66, 36 S.Ct. 249, 60 L.Ed. 528.

The defendant requested an instruction and urges that it was error to refuse it. Without setting out the instruction, we think it sufficient to say that in practical effect the giving of the requested instruction would have been to direct the jury to return a verdict for the defendant. The instruction was therefore properly refused.

We have carefully considered the other exceptions to the instructions, but we are convinced that the instructions read as a whole fairly presented all the issues.

It is finally contended that it was error to permit M. W. Rhoades and Mary Rhoades, as witnesses for plaintiff, to testify that on numerous occasions when they were living in Benson Park from 1934 to 1935, they had seen Krug Luxus trucks making deliveries to the Cole Creek Tavern, and that on leaving, the trucks very frequently drove north through Benson Park, thence entering Ames Avenue. Each of these witnesses testified without objection substantially as follows: That Mr. Rhoades was foreman for recreation construction in all Omaha parks, and that he and his wife lived in Benson Park located between 63rd and 72nd Streets and extending from Ames Avenue to Military Avenue; that their home was on the north side of Military Avenue, facing south, and directly north of the Cole Creek Tavern; that from 4:30 p. m. to 7 p. m., they frequently saw red panel trucks lettered similar to those already described, delivering Krug Brewery Luxus beer at the Cole Creek Tavern; that the trucks were driven north on 72nd Street to Military Avenue and then to the tavern, or up Military Avenue, and on leaving the tavern, they frequently went north, through the park to Ames Avenue; that the drivers had been requested by each of these witnesses not to drive from the tavern over the cinder road which runs through the park, connecting Military Avenue with Ames Avenue. Then follow questions to which specific objections were made. We have examined all of the questions objected to and the answers, and do not think any substantial evidence was brought out that had not already been testified to without objection. The evidence was undisputed that such trucks did make deliveries at the Cole Creek Tavern. Defendant's evidence so showed. Apparently the only point on which there might have been controversy was whether these trucks went over the cinder road leading through Benson Park from Military Avenue to Ames Avenue. As to this point, the defendant took issue and submitted the testimony of all its drivers to the effect that either they had not driven through Benson Park or that they did not recall having done so. The testimony, while not very closely related to the issue, showed the practice or course of conduct in going through the park and thus on to Ames Avenue. The reception of evidence on a collateral matter is largely within the discretion of the trial judge. Barry v. Anderson, 89 Neb. 332, 131 N.W. 591; Shepherd v. Lincoln Traction Co., 79 Neb. 834, 113 N.W. 627. We do not think the testimony could have been prejudicial, and

hence, is not ground for reversal. Title 28 U.S.C.A. § 391.

No prejudicial error appearing from the record, the judgment appealed from is affirmed.