**WOLFGANG, Prince of Hesse, et al. v. BURROWS.**

No. 10377.

United States Court of Appeals District of Columbia Circuit.

Argued March 24, 1950.

Decided April 17, 1950.

Mr. Leslie C. Garnett, Washington, D. C., with whom Mr. Samuel F. Beach, Washington, D. C., was on the brief, for appellant.

Mr. Charles F. McKay, Jr., Washington, D. C., with whom Mr. Samuel Gordon, Washington, D. C., was on the brief, for appellee.

Before CLARK, PRETTYMAN and KIMBROUGH STONE, sitting by designation, Circuit Judges.

CLARK, Circuit Judge.

Although at a time prior to rendering a judgment in favor of the appellee, Burrows, the lower court had indicated that it desired memoranda from the parties in regard to the admissibility of the record of conviction by court martial of one, Durant, for stealing certain jewels of the Hesse family, the very next day, before the aforesaid memoranda were submitted, the court was reconvened and judgment was rendered on the basis that the evidentiary question was moot inasmuch as the appellants had failed to establish an essential element of their case namely, that the particular jewel in question ever was the property of the Hesse family. It is our opinion that judgment of the lower court was entirely correct.

■■ The diamond to which the appellants' claim relates came into the possession of the appellee by virtue of its sale to him by the aforesaid Durant. Shortly after this transaction Durant was apprehended for the theft of the Hesse family jewels. The case received considerable notoriety, and the appellee, on reading about it in the paper, voluntarily turned the diamond over to the authorities for its possible evidentiary value. It became one of the exhibits at the court martial of Durant but was never identified in any way as one of the Hesse jewels. After Durant's conviction appellee sought the return of the diamond in question. The Government was permitted to implead the appellants and to deposit the *res* in the registry of the court. Appellants' whole case hinges on inferences from the foregoing facts. In short their claim amounts to this proposition: We had some diamonds. These diamonds were stolen from us by Durant.

*Ergo,* all diamonds that Durant had are ours, and this particular one must belong to us. Legally this proposition is unsound for the reason it fails to establish beyond a mere suspicion that the diamond ever belonged to the Hesse family; and we would be less than candid if we did not admit that there is ground for a strong suspicion that this diamond does belong to appellants. But the presumption of ownership was in favor of the appellee, and we cannot allow presumptions to be overturned by suspicions. They must be countervailed by substantial evidence. Stone v. Stone, 1943, 78 U.S.App.D.C. 5, 7, 136 F.2d 761, 763. The countervailing evidence must, if believed by the trier of the fact issues, establish facts from which reasonable minds can draw but one inference. Falstaff Brewing Corp. v. Thompson, 8 Cir., 1939, 101 F.2d 301, 304, certiorari denied 307 U.S. 631, 59 S.Ct. 834, 83 L.Ed. 1514. The evidence in the instant case failed to meet the test. The judgment of the District Court is therefore affirmed.

Affirmed.