Erwin G. **HANSEN**, Plaintiff,

v.

Herbert **BROWNELL**, Jr., Attorney General of the United States of America and Successor to the Alien Property Custodian, Defendant.

Civ. A. No. 1584–53.

United States District Court
District of Columbia.

Oct. 24, 1955.

Isadore G. Alk, Washington, D. C., for plaintiff.

Dallas S. Townsend, Asst. Atty. Gen., and Robert J. Wieferich, Walter T. Nolte, James D. Hill, James H. Falloon, Dept. of Justice, Washington, D. C., for defendant.

McGUIRE, District Judge.

Motion for new trial denied. As it stands, the question of title is of little moment in the case because the Court has found that the plaintiff was an enemy as that term has been defined in the Trading With the Enemy Act, 50 U.S.C. A.Appendix, § 1 et seq., and for the reasons stated in its memorandum of May 23, 1955.

The situation here, then, resolves itself to this. By the act of seizure the Government regarded the plaintiff certainly as in possession of the bonds in question. So he starts out with that presumption operating in his favor. The matter of title, however, apart from mere possession or control, was in issue and the burden was on the plaintiff to establish it. He starts out, as has been said, with the ostensible fact of possession established and the strong inference to be drawn from that fact is that he had title. However, when the matter was pursued further at trial, he categorically stated in his *viva voce* testimony that the same was obtained by gift. Later he was confronted with evidence of a documentary character made *ante litem motem* that he had obtained it by "purchase."

On reflection the Court concludes now that in the final analysis it must be said with reference to title being in or out of the plaintiff, there is

strong suspicion that it was never in him. This is not only a suspicion but a conclusion that was forced upon the Court at the time of the trial, the plaintiff having testified at length and the Court having an opportunity to observe his attitude and demeanor on the stand and his method and manner of testimony. It would seem, however, in light of Wolfgang v. Burrows, decided in this Circuit and reported in 86 U.S.App.D.C. 340, 181 F.2d 630, there is no doubt that even strong suspicion did not warrant the conclusion the Court drew, looking at it as it does now in the cold light of retrospection. In the case cited the Court said that the presumption of ownership must be countervailed by substantial evidence. Substantial evidence is more than mere scintilla evidence. It means, as the Supreme Court has said in Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U. S. 197, 59 S.Ct. 206, 217, 83 L.Ed. 126 " * * * such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." The Court in the circumstances still feels that the evidential divergence was of a material and highly damaging character. Whether or not this evidence was sufficiently strong and relevant so as to force upon a reasonable mind the conclusion which was drawn, the Court is now prepared to resolve that aspect of the matter in favor of the plaintiff. However, this is not to be regarded as a categorical finding one way or the other as to title. This is said so that in the event there should be as a consequence of an appeal of this case a subsequent judicial exoneration of the plaintiff as a matter of law in respect to his enemy status, then in any future administrative proceedings the parties are left with respect to the question of title where they were before the filing of the suit.

In other words, what the Court desires to have definitely understood without equivocation or speculation is that the question of title is still open. Plaintiff has neither established it nor has the Government negatived it, and as a matter of fact by virtue of the Court's ultimate finding, it is not material or relevant, in the strict sense, to the result herein reached.