**Edouard LEGILLE and Rene N. Mahr, Plaintiffs,**

v.

**Rene D. TEGTMEYER, the Commissioner of Patents, Defendant.**

**Civ. A. No. 1975-73.**

United States District Court, District of Columbia.

March 15, 1974.

———◆———

Charles L. Fishman, Washington, D.C., for plaintiffs; David S. Fishman and Fishman & Van Kirk, East Hartford, Conn., of counsel.

Joseph F. Nakamura, Solicitor, Washington, D.C., for defendant; Jere W. Seres, Associate Sol., of counsel.

## MEMORANDUM OPINION

WADDY, District Judge.

In this action, plaintiffs seek a judgment declaring that their applications for certain letters patent are entitled to be accorded an earlier filing date than that accorded by the United States Patent Office and a decree directing the Commissioner of Patents to accord such earlier filing date to their applications.

The action is brought pursuant to the provisions of 28 U.S.C. § 1338(a) (patents); 28 U.S.C. § 1361 (mandamus); 5 U.S.C. § 701–706 (APA); and 28 U.S.C. § 2201 (declaratory judgments). Plaintiffs are residents of the Grand Duchy of Luxemburg and defendant is the Acting Commissioner of Patents of the United States.

This cause is before the Court upon motion of plaintiffs for judgment on the pleadings or for summary judgment, and upon defendant's opposition thereto and his cross-motion for summary judgment.

The following material facts are undisputed:

Under the provisions of 35 U.S.C. § 119,[1] an application for a patent in the United States will be accorded the same filing date accorded earlier in a foreign country for the same patent if the application is filed in the United States Patent Office within twelve months of the filing in the foreign country.

It is the "general practice" of the United States Patent Office to "file" applications upon receipt of the application by that agency and not upon the date of mailing.

On March 1, 1973, plaintiffs' attorney, acting on their behalf, placed in the United States Mail at East Hartford, Connecticut, a package marked "air mail", with sufficient air mail postage attached, and addressed to the United States Patent Office in Washington, D.

[1]. § 119. Benefit of earlier filing date in foreign country; right of priority

An application for patent for an invention filed in this country by any person who has, or whose legal representatives or assigns have, previously regularly filed an application for a patent for the same invention in a foreign country which affords similar privileges in the case of applications filed in the United States or to citizens of the United States, shall have the same effect as the same application would have if filed in this country on the date on which the application for patent for the same invention was first filed in such foreign country, if the application in this country is filed within twelve months from the earliest date on which such foreign application was filed; but no patent shall be granted on any application for patent for an invention which had been patented or described in a printed publication in any country more than one year before the date of the actual filing of the application in this country, or which had been in public use or on sale in this country more than one year prior to such filing . . . . .

C.[2] The package contained four applications for letters patent. Three of the four applications had been previously filed in Luxembourg on March 6, 1972,[3] and the fourth on August 11, 1972.[4]

The normal delivery time for mail delivery between East Hartford, Connecticut and Washington, D. C. is two days.[5] Attached to the applications mentioned above were confirmatory receipt postcards. These postcards were receipt dated "March 8, 1974" by the Patent Office and returned to plaintiffs' attorney. In keeping with its "general practice", a "filing date" of March 8, 1974 was accorded the applications. The cause of any delay in the delivery of the mail containing the applications is not known.

Following receipt of the notice of the March 8, 1973, filing date plaintiffs petitioned the Commissioner of Patents to accord their applications filing dates not later than March 6, 1973.

Under the provisions of 35 U.S.C. § 102(d),[6] plaintiffs will be completely barred from obtaining any patent protection with respect to three of their applications [7] unless those applications are accorded a filing date not later than March 6, 1973.

By affidavit of the Correspondence and Management Officer of the Patent Office, attached to the cross-motion for summary judgment, defendant sets forth in detail the manner, custom, practice and habit by which incoming mail is handled at the Patent Office. Said affidavit further attests to the absence of evidence showing that these applications were not handled routinely in accordance with those established procedures. There is no positive evidence of the date of delivery of the mail containing the applications to the Patent Office.

The Commissioner of Patents denied plaintiffs' petition on June 8, 1973, and this suit was filed October 29, 1973.

The question before the Court is whether the action of the defendant, Commissioner of Patents, in denying plaintiffs' petition for a filing date not later than March 6, 1973, under the circumstances here presented, was a rational application of the word "file" as used in the statute, or, in other words, whether his action was arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law.[8]

■ Plaintiffs' petition for a filing date not later than March 6, 1973, and this lawsuit, are predicated upon the legal presumption that postal employees discharge their duties in a proper manner and that properly addressed, stamped and deposited mail is presumed to reach the addressee in due course and without unusual delay, unless evidence to the contrary is proven. There is no question here that the package containing plaintiffs' applications was marked "air mail", bore sufficient postage and, properly addressed to the United States Patent Office in Washington, D.C., was

2. See plaintiffs' Exhibit A (copy of attorney's ledger) of Attachment I to the complaint; attachment II to the complaint (affidavit of attorney).

3. Said applications having been assigned the following application serial numbers by the United States Patent Office: 339,117; 339,118; 339,296.

4. Serial number 339,297.

5. Affidavit of Paul E. Donovan, Postmaster of East Hartford, Connecticut; Exhibit 6 to Attachment I to the Complaint.

6. § 102. Conditions for patentability; novelty and loss of right to patent.

A person shall be entitled to a patent unless
 * * * * *
(d) the invention was first patented or caused to be patented, or was the subject of an inventor's certificate, by the applicant or his legal representatives or assigns in a foreign country prior to the date of the application for patent in this country on an application for patent or inventor's certificate filed more than twelve months before the filing of the application in the United States, or
 * * * * *

7. See footnote 3, *supra*.

8. Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

placed in the mails at East Hartford, Connecticut.

Defendant relies primarily upon a presumption of procedural regularity based upon the normal manner, custom, practice and habit established for the handling of incoming mail at the Patent Office and upon the absence of evidence showing that the subject applications were not handled routinely in accordance with those established procedures. Apart from this presumption, there is nothing in this record to show the date of delivery of the applications to the Patent Office.

■ This Court has concluded that the presumption relied upon by the defendant is insufficient to overcome the strong presumption that mails, properly addressed, having fully prepaid postage, and deposited in the proper receptacles, will be received by the addressee in the ordinary course of the mails. This latter presumption can only be rebutted by proof of specific facts and not by invoking another presumption.

In the case of Arkansas Motor Coaches, Limited, Inc. v. Commissioner of Internal Revenue, 198 F.2d 189 (1952), a taxpayer mailed a petition for review of a decision of the Tax Court in time so that it could normally have been received and filed within the time fixed by statute. The only evidence of the time of receipt was the docket entry of the Clerk of Court showing that the petition was received late. The Eighth Circuit Court of Appeals directed that the petition be filed as of the date it would ordinarily have been received in the Clerk's office when transmitted by United States mail. In so doing, Chief Judge Gardner, writing for the Court, used the following language, which is particularly appropriate to the instant case:

. . . Where, as in this case, matter is transmitted by the United States mails, properly addressed and postage fully prepaid, there is a strong presumption that it will be received by the addressee in the ordinary course of the mails. Henderson v. Carbondale Coal & Coke Co., 140 U.S. 25, 11 S.Ct. 691, 35 L.Ed. 332; Crude Oil Corp. v. Commissioner, 10 Cir., 161 F.2d 809, 810. While the presumption is a rebuttable one it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption . . . In the instant case there was a strong presumption that this petition was received in Washington, D.C., on the 31st day of January, 1951. What evidence is there that it was not received by the addressee on that date? There is the docket entry. The clerk did not testify that he in fact received the petition on that date and the correctness of the docket entry is bottomed on the presumption that an officer properly performs his duty but this is simply a presumption and not the kind of evidence sufficient to overcome the strong presumption that the mail was received by the addressee on January 31, 1951, which was several days before the expiration of the ninety day period within which it should have been filed. Certainly there is no semblance of evidence to indicate that it was not received by the Post Office authorities in Washington, D.C., on January 31, 1951, because there was a presumption that it was transported in the United States mails in due course . . . .[9]

Likewise, in Charlson Realty Company v. United States, 384 F.2d 434, 181 Ct. Cl. 262 (1967), the United States Court of Claims held that, where a petition in a suit for refund of income taxes had been properly sealed, addressed, stamped and placed in the United States mails on November 30 at St. Paul, Minnesota, notwithstanding the court clerk's stamp showing the filing of the petition on December 7, one day after the expiration of the statute of limitations, it was presumed that the petition arrived at the Court of Claims in Washington, D.C. in due course of mails on or before Decem-

9. 198 F.2d at 191–192.

ber 5 and the presumption that public officers perform the duties of their office in a proper manner was insufficient to overcome or rebut the presumption of the arrival of a letter in the due course of the mails. Addressing itself to the evidence of habit and custom, the Court stated:

The defendant seeks to overcome the presumption of the arrival of the petition in due course of the mails by presenting evidence of the habit and custom of the officers and employees of the court, showing in detail their method and procedure of handling mail arriving at the court, including the placing of a date stamp thereon. This is nothing but habit or custom evidence and is not sufficient to overcome the presumption of arrival in due course of mails. Such was the holding of the court in the case of Crude Oil Corp. v. Commissioner, 161 F.2d 809 (10th Cir. 1947). There the defendant proved the detailed method of handling the mail by the officers in the Internal Revenue Office in an attempt to show the late arrival of the document in that case. The court said this was not enough to overcome or rebut the assumption that it had arrived in due course of the mails.

  \*   \*   \*   \*   \*   \*

The evidence as to the habit and custom of the court's officers and employees in handling the mail is negative evidence and has no appreciable value in proving the omission or commission of a specific act at a particular time when there is a presumption to the contrary as in this case

. . .

  \*   \*   \*   \*   \*   \*

Negative evidence as to habit, custom and procedure may create a presumption that the ordinary course of business or procedure was followed on a given day. [cites omitted]. However, if such a presumption was created in this case by the offered testimony as to the custom and procedure in handling the mail at the court when it

is received, it is not sufficient to overcome the strong presumption of the arrival of plaintiff's petition in due course of the mails. The cases hold that the presumption of arrival in due course of the mails cannot be overcome by another presumption. Arkansas Motor Coaches, Ltd., Inc. v. Commissioner, *supra*; Rosengarten v. United States, *supra*.

A presumption cannot be overturned or rebutted by speculation or suspicion. It can only be destroyed or overcome by convincing and uncontradicted evidence as to the contrary which clearly and distinctly establishes a fact so that reasonable minds can draw but one inference. Falstaff Brewing Corp. v. Thompson, 101 F.2d 301, 304 (8th Cir. 1939), cert. denied, 307 U.S. 631, 59 S.Ct. 834, 83 L.Ed. 1514; Wolfgang v. Burrows, 86 U.S. App.D.C. 340, 181 F.2d 630, 631 (1950), cert. denied, 340 U.S. 826, 71 S.Ct. 61, 95 L.Ed. 606. In addition to the foregoing, to overcome the strong presumption of the arrival of a letter in due course of the mails, the countervailing evidence must show the contrary to be true by direct and positive proof of affirmative facts. The negative evidence offered by the defendant in this case fails to meet these requirements.[10]

In like manner, the negative evidence in this case detailing the manner, custom, practice and habit of handling incoming mail by the Patent Office fails to overcome or rebut the strong presumption that the applications were timely delivered in the regular course of the mails to the Patent Office.

In his opposition to plaintiffs' motion defendant refers to two decisions by previous Commissioners of Patents: Ex Parte Meier, 1908 C.D. 207, 136 O.G. 657 (1908) and Ex Parte Gossweiler, 86 U.S.P.Q. 268 (1949). A careful reading of those decisions, however, reveals that all they stand for is the proposition that applications are "filed" in the Patent Office only upon receipt, not upon

mailing. *Ex Parte Meier* has a specific finding of the actual date on which the application was received in the Patent Office. There is nothing in the *Ex Parte Gossweiler* opinion to suggest any controversy concerning the date on which the application in that case was delivered to the Patent Office although petitioners urged that, in the regular course of business of the Post Office, the applications would have been received not later than January 21 and not on January 24, the date of filing.

Defendant argues that Section 111 of Title 35 [11] requires that applications for patents shall be made in writing to the Commissioner; that under the "general practice" of the Patent Office, applications are not "filed" until they are received in that office; and that, therefore, an application which has not been received in the Patent Office has not been made to the Commissioner. He contends further, by way of reference to *Meier* and *Gossweiler, supra*, that "the postal authorities are not the agents of the Patent Office, and that application papers in the custody of the postal authorities cannot be held to be on file in the Patent Office." Again, these arguments miss the point of this case. Plaintiffs do not quarrel with the proposition that applications are "filed" with the Patent Office upon receipt by that agency. The question here is whether there exists a genuine issue of fact as to when these applications were received by the Patent Office. Plaintiffs rely upon the strong presumption of the regularity of the mails to show that, in the normal course of postal business, these applications would be delivered within two days from March 1, 1973. Defendant does not show nor offer to show by way of any positive evidence that the presumption is inapplicable in this case. On the contrary, he relies on negative evidence as to custom, habit and usual procedure to create a conflicting presumption that the agency's business and procedure were followed in this case. Under the

circumstances of this case, this Court holds, as a matter of law, that this presumption is insufficient to rebut or overcome the presumption of the regularity of the mails.

Finally, it should be noted that the rules of the Patent Office contemplate that the mails be used in filing applications for Letters Patent and transacting other business with that agency. For example, Rule 2 of its "Rules of Practice —January, 1970" states:

> "Business to be transacted in writing. *All business* with the Patent Office should be transacted in writing. *The personal attendance of applicants or their attorneys or agents at the Patent Office* is unnecessary. . . ." (Emphasis supplied).

In the face of this rule, one need not find that the postal authorities are the agents of the Patent Office to take notice of the harsh and inequitable result, which would completely bar plaintiffs from any patent protection, should the Court permit the negative showing of the defendant's custom and habit to overcome plaintiffs' positive evidence that the package containing the applications was properly addressed and stamped, and placed in the mails, and the presumption following therefrom, that the applications were received in the ordinary course of the mails. This Court finds no language in Section 111 of Title 35, or elsewhere, that mandates such a harsh and inequitable result.

### ORDER

Upon consideration of the motion of plaintiffs for judgment on the pleadings or, in the alternative, for summary judgment, and the motion of defendant for summary judgment, the pleadings, affidavits, and points and authorities in support thereof, the opposition thereto, and it appearing to the Court that there exist no genuine issues of material facts, and that plaintiffs are entitled to judgment as a matter of law, it is by the Court this 15th day of March, 1974,

---

11. § 111. Application for patent

Application for patent shall be made by the inventor, except as otherwise provided in this title, in writing to the Commissioner . . . .

172

Ordered, that the motion of plaintiffs for judgment on the pleadings or, in the alternative, for summary judgment be, and the same hereby is, granted; and it is further

Ordered, that the motion of defendant for summary judgment be, and the same hereby is, denied; it is

Declared, that the action of the Commissioner of Patents, in not according plaintiffs a filing date of not later than March 6, 1973, for each of applications for Letters Patent Serial Nos. 339,117, 339,118, 339,296, and 339,297, was arbitrary, capricious, and otherwise not in accordance with law; and it is

Declared, that the Commissioner of Patents has a ministerial, non-discretionary duty to accord plaintiffs a filing date for the above-mentioned applications of not later than March 6, 1973; it is therefore

Ordered, that the Commissioner of Patents be, and the same hereby is, authorized and directed to record for all purposes a filing date of not later than March 6, 1973, for each of plaintiffs' above-numbered applications for Letters Patent.